# APRIL, 1915

Texas & Pacific Railway Company v. W. A. Matkin.

No. 2383.   Decided April 7, 1915.

**1.—Master and Servant—Pleading—Defective Machinery—Negligence in Operation.**

In a petition seeking recovery by an injured servant of a railway company upon alleged negligence of the master in equipping its engine with a form of brake dangerous by reason of its liability to cause a violent stop of the train, but not charged to be incapable, with care, of safe use, and also alleging negligence of the engineer in so applying it as to cause a violent and dangerous stop, the two grounds alleged are not inconsistent, and would support, under proper evidence, a finding for plaintiff upon either ground or upon both.   (P. 130.)

**2.—Charge—Master and Servant—Defective Machinery—Negligence in Operation—Inconsistent Grounds of Recovery.**

In an action by a brakeman who, while between cars to uncouple them in switching, was thrown down and injured by a sudden and violent stop by application of the engine brake, a charge permitted recovery if such sudden stop was due to negligence of the engineer in applying the brake at once with full force when the cars, by its use, could have been checked gradually, and he knew or might have known plaintiff's dangerous position.   Another paragraph permitted recovery if the sudden stop was due to the engine being equipped with a form of brake which permitted only application with full power producing a sudden stop, and it was negligence to equip it only with such device, and the injury was caused thereby.   Held:

(1)   That the latter paragraph did not assume that it was negligence to equip the engine with the form of brake in question, but submitted that issue as one of fact.   (P. 132.)

(2)   That from the facts required by such charge to be found in order to a recovery, negligence was a necessary inference.   (P. 133.)

(3)   Negligence by the engineer in his manner of applying the brake was not inconsistent with negligence of the company in furnishing a brake which was dangerous though admitting of safe use by careful handling.   (Pp. 133, 134.)

(4)   Negligence in furnishing a brake which was capable of producing only a violent and dangerous stop, was not inconsistent with negligence of the engineer in applying it when he knew or might have known plaintiff's dangerous position. But as the charge submitted, not this, but only his negligence in the manner of applying it, this was inconsistent with the hypothesis of the subsequent paragraph, that it was capable of only one manner of application.   (P. 134.)

(5)   Plaintiff may rely upon two inconsistent grounds of recovery; but these should be submitted alternatively, in order that it may appear upon which the finding is based.   (P. 135.)

(6) But the inconsistency under the issues here involved was immaterial, since liability, in either event, was based on causing a sudden stop when plaintiff was or might have been known to be probably in a position where he was liable to be injured thereby. The only inconsistency was as to the cause of the sudden stop, and defendant was liable, whichever cause effected it. (Pp. 135, 136.)

(7) The inconsistency in these charges was not such as to render a general verdict for plaintiff thereon insufficient. This case distinguished from Baker v. Ashe, 80 Texas, 356, and San Antonio & A. P. Ry. Co. v. McMillan, 100 Texas, 562. (Pp. 133-135.)

### 3.—Charge—Contributory Negligence—Customary Conduct.

An instruction permitting plaintiff to recover, on finding of certain facts as to defendant's negligence, if, in taking the position which he occupied he "acted as brakemen ordinarily and customarily did under such circumstances," did not exempt him, on such condition from contributory negligence, that issue being properly submitted under another charge. It had reference to the issue, not of plaintiff's but of defendant's negligence, and as to that was merely superfluous. (P. 136.)

### 4.—Assumed Risk.

A railway brakeman did not assume the risk arising from negligence of the engineer in operating his engine; nor that from defects in the engine brakes of which he was ignorant. (P. 136.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Wood County.

Matkin sued the railway company and had judgment, which was affirmed on defendant's appeal. Appellee thereupon obtained writ of error.

*F. H. Prendergast, Williams & Stedman, Walter Jones,* and *Stafford & Geddie,* for plaintiff in error.—It is error for the court to give to the jury two inconsistent propositions in a case. Kraus v. Haas, 6 Texas Civ. App., 665; Railway Co. v. Robinson, 73 Texas, 277; Baker v. Ashe, 80 Texas, 356.

Where it is shown that damage resulted from one of two causes, and, the two causes being inconsistent with each other, that if one was the cause the other could not be, then the plaintiff must show which was the cause. Rowe v. Horton, 65 Texas, 91; Mayton v. Texas & P. Ry. Co., 63 Texas, 77; Edgar v. Galveston, 46 Texas, 421; Caldwell v. Haley, 3 Texas, 319.

The plaintiff would not be free from fault and entitled to recover, because "he acted as brakemen ordinarily and customarily do under the circumstances," but he must have acted with ordinary care. St. Louis Ry. Co. v. Conway, 156 Fed., 240.

It is error for the court to submit to the jury a group of facts and authorize the jury to infer negligence from such facts when such facts do not establish negligence. Burns, Walker & Co. v. True, 5 Texas Civ. App., 74; Gulf, C. & S. F. Ry. Co. v. Silliphant, 70 Texas, 623; W. U. T. Co. v. Kendzora, 77 Texas, 257.

Where the defect and the danger are known both to the company and the employee, then the employee assumed the risk, unless a man of ordinary care would have remained in the service. Railway Co. v. Alex-

ander, 119 S. W., 1135; Naramore v. Cleveland R. R., 96 Fed., 304;
Denver R. R. v. Norgate, 141 Fed., 253; Acts of 1905, p. 386, assumed
risk.

No negligence can be based on the fact that defendant used straight
air instead of automatic air for switching, even though automatic air
is best for some purposes.  Railway Co. v. Foth, 101 Texas, 144; Mis-
souri, K. & T. Ry. Co. v. Carter, 95 Texas, 484; Railway Co. v. Seley,
152 U. S., 152.

*Johnson & Edwards,* for defendant in error.—Whatever may have
been the characteristics or condition of the straight air brake on the
particular engine, if it could have been so operated as to apply and
retain its power in moderation, and if an ordinarily prudent person in
the same circumstances would have thus operated it and stopped the
cars gradually at the time in question, it was the duty of the engineer
so to do, though this would have required unusual effort and diligence.
Railway Co. v. Smith, 87 Texas, 348, 354-355; Railway Co. v. Hodges,
76 Texas, 90, 93; Railway Co. v. Gormley, 91 Texas, 393, 399-400;
Railway Co. v. Mitchell, 60 S. W., 996, 997; Railway Co. v. Behymer,
189 U. S., 468, 470.

If the instructions were inconsistent and erroneous "they were so
by reason of being too favorable to the defendant, and of this it can
not complain."  Railway Co. v. Wise, 101 Texas, 459, 466; Railway
Co. v. Classin, 134 S. W., 358, 362; Railway Co. v. Crawford, 117
S. W., 193, 194-195; Railway Co. v. Mills, 116 S. W., 853, 856; Railway
Co. v. Piper, 115 S. W., 107, 110-111; Railway Co. v. Davis, 108 S. W.,
1022, 1023.

Since the defendant contended and sought to prove that the brake
could be applied only in full power, it can not complain at the court's
requiring a finding to this effect as a condition of plaintiff's right to
recover on the issue of negligence in operating the engine with a brake
that was unusually violent and dangerous.  Railway Co. v. Jenkins,
69 S. W., 233, 234.

The unauthorized submission of a question to the jury is not preju-
dicial error where the charge does not authorize a finding of negligence
from the establishment of such fact alone, but requires the finding of
other facts which, of themselves, would constitute negligence.  "The
effect of such charge is only to place an unnecessary burden on the
plaintiff."  Railway Co. v. Johnson, 103 Texas, 320, 324; Oil Co. v.
Jarrard, 40 S. W., 531, 534 (affirmed, 91 Texas, 289); Fouts v. Ayres,
11 Texas Civ. App., 338, 32 S. W., 435, 436; Wells v. Houston, 29
Texas Civ. App., 619, 69 S. W., 183, 187; Railway Co. v. Tracy, 130
S. W., 639, 642; Railway Co. v. Powell, 112 S. W., 697, 699.

The plaintiff may present his facts in as many different groupings
as he sees fit.  It is not necessary that these several presentations be
consistent, and the very purpose of this privilege would be defeated
if consistency were required.  It is no objection to a pleading that
one count in it contradicts another.  These inconsistent pleas can not

be used to disprove each other.  Townes on Texas Plead., p. 293, and cases cited: rule 4 for District Courts, 94 Texas, 668; Floyd v. Patterson, 72 Texas, 202, 207; Compton v. Ashley, 28 S. W., 223, 224; Railway Co. v. Buford, 2 Texas Civ. App., 115, 21 S. W., 272; 31 Cyc., p. 131, and cases cited.

Plaintiff was entitled to plead so as to anticipate every possible phase of the evidence, and the court could not have properly required him to elect the allegation of negligence on which he would rely.  San Antonio Waterworks Co. v. White, 44 S. W., 181, 182; Texas Brewing Co. v. Walter's, 43 S. W., 548, 451.

Where several grounds of actionable negligence are pleaded to meet the facts as they may be developed, with a view of seeking a recovery on either, and there is evidence tending to prove each of such grounds, it is the duty of the court to submit both to the jury so that a recovery may be had on either according to the evidence; it is immaterial whether such grounds may co-exist.  Railway Co. v. McMillan, 100 Texas, 562, 565-566; Railway Co. v. Jackson, 93 Texas, 262, 264-266; Hoefling v. Dobbin, 91 Texas, 210, 214; Hendricks v. Calloway, 111 S. W., 60, 65, 66 (Mo.); Selman v. Railway Co., 101 S. W., 1030, 1033; Citizens Railway Co. v. Griffin, 109 S. W., 999, 1001; Texas Mex. Ry. Co. v. Higgins, 99 S. W., 200, 201-204; Texas & P. Ry. Co. v. Gray, 71 S. W., 316-317; San Antonio Traction Co. v. Court, 71 S. W., 777-779; Clay County Land & Cattle Co. v. Skidmore, 26 Texas Civ. App., 472, 64 S. W., 815, 816; Taylor C. S. Oil & Gin Co. v. Pumphrey, 32 S. W., 225-226.

To make assumption of risk available, it was necessary for defendant to plead that plaintiff assumed the risk of the very act or defect and danger which caused the injury, and to prove that the injury resulted either from a danger which was ordinarily incident to the service or from a defect and danger which plaintiff knew or would have necessarily ascertained in the ordinary discharge of his duties.  Railway Co. v. Harris, 95 Texas, 346, 349-350; Beck v. Texas Co., 105 Texas, 303; Railway Co. v. Hannig, 91 Texas, 347, 350-351; Railway Co. v. Hanson, 125 S. W., 63, 65; Lewis v. Railway Co., 122 S. W., 605, 606; Railway Co. v. Williams, 120 S. W., 553, 554-555; Williams v. Hennefield, 126 S. W., 567, 568-569; Railway Co. v. Garcia, 117 S. W., 206, 208-209; Price v. Cotton Oil Co., 41 Texas Civ. App., 47, 90 S. W., 717; Railway Co. v. Higgins, 99 S. W., 200, 202; Railway Co. v. Dumas, 93 S. W., 493, 494; Railway Co. v. Barwick, 110 S. W., 953, 956.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

The suit was brought against the railway company by W. A. Matkin for damages on account of personal injuries resulting in the amputation of both his legs, sustained by him while in its service.  He recovered a judgment in the sum of $35,000, which was affirmed by the honorable Court of Civil Appeals.

The injuries were caused Matkin while he was attempting to uncouple two cars at Mineola in some switching, after the train, upon which he was head brakeman, reached that point.  At the time a string

of nine or ten cars was backing in response to a signal given by Matkin to the engineer upon the engine, for the purpose of "kicking" the rear car, a box car, in upon the track. Matkin had run along by the side of the car, endeavoring to uncouple it from the next car, a coal car, by means of the pin lifter, operated from its side. The pin lifter would not work, requiring him to go between the moving cars in order to lift the pin. He took a station on the car nearer the engine, seated on the narrow ledge at its end, holding to its gate with one hand, and with the other lifted the pin, which detached the cars. Just as this was done, the train suddenly stopped. The shock of the stop threw Matkin from the coal car, and in its rebound it ran over him upon the track, crushing both of his legs. The signal for a stop was given the engineer by another brakeman, upon his seeing that Matkin had uncoupled the cars. The signal, however, was for the usual stop, not a sudden or violent one; whereas the stop actually made was an "emergency stop," and appears to have been practically instantaneous. The engineer had observed Matkin's failure to uncouple the cars from the side, saw him disappear between them, and knew he was between them when the stop was made.

Aside from certain allegations as to the condition of the coupling apparatus upon the two cars, the petition of the plaintiff charged two distinct phases of negligence as responsible for the accident; one, in regard to the brake equipment of the engine, and the other in respect to the engineer's application of the brake with which the engine was equipped. Both of these issues were submitted in the court's charge to the jury, in the manner hereafter stated.

After stating that the automatic air brakes on the cars constituting the train at the time were not in use, and that the braking equipment of the engine was the only means at hand for controlling a stopping movement of the train, the allegations with reference to the braking device in use upon the engine, in substance, were: That it was an appliance known as the "straight air" brake, and, as the defendant knew, was dangerous to trainmen; that when applied as it was by the defendant's servants in charge of the engine at the time of Matkin's injury, it was more violent, dangerous and sudden in its operation than an automatic air brake, producing a very sudden stop, as it did on that occasion; whereas the ordinary operation of an automatic air brake was a gradual and even stop; that the latter was the braking appliance in general use by the defendant upon its engines, and by other railway companies, and this engine was equipped with it, but it was out of repair and not in operation or available for use at the time, as was or could have been known by the defendant; that if it had been in repair, it could have been used by a "service application," with safety to the plaintiff; and that the defendant was guilty of negligence in using the engine on the particular occasion with its automatic air brake out of service, and with the "straight air" brake as the sole braking equipment of the engine.

The allegations of the petition in respect to the application of the brake upon the engine, in substance, were: That the servants of the defendant in charge of the engine negligently, and with great and unnecessary force and suddenness, applied the air brake with which the engine was equipped, causing the sudden and violent stop of the train, and the fall of Matkin to the track and his resulting injury; whereas by the exercise of ordinary care, they could have applied it gradually and moderately, sufficiently checking the train, but without suddenness or violence, and avoiding the accident.

It thus appears that while the petition charges that the railway company was guilty of negligence in having the engine equipped with a violent and, therefore, a dangerous brake, it further charges that the particular brake was capable of safe yet efficient use, and that there was negligence in its operation. The petition is not open to the construction that the brake was incapable of any other use than such as would produce a sudden and violent stop of the train. A favorable finding by the jury for the plaintiff upon either ground of negligence, upon sufficient evidence, would support a verdict in his behalf. Furthermore, a favorable finding upon both grounds would equally sustain such a verdict, since they are not necessarily repugnant.

There was sufficient evidence to support a finding for the plaintiff upon either, and, therefore, upon both grounds of negligence in the form alleged in the petition. Petty, the engineer in charge of the engine at the time, testified, as a witness for the defendant, that he applied the brake upon the engine with its full braking power, and such an application of the brake in backing a train of the length of the one he was handling would give the last car a violent jerk. He further testified that the brake could only be applied with its full power, and that there was but one kind of stop that could be made with it. At another place in his testimony it is shown that the brake could have been applied with moderate power, but that was probably a difficult and tedious operation. Other testimony was to the effect that the brake was such that its power was under the full control of the engineer, and that it was capable of ready and efficient use by only a moderate application of its power, so as to produce a gradual stop of the train. It appears to have been undisputed that the result of Petty's application of the brake was to stop the car on which Matkin was working with great force and suddenness. This is demonstrated by the fact that the stop caused the coal car to rebound so as to run over him.

In this state of the proof, the issues of negligence arising upon the engineer's application of the brake in stopping the train, and the brake equipment of the engine, were submitted in the fourth and seventh paragraphs of the charge, respectively, as follows:

"4. Now, if you find from the evidence that while the car in question was being kicked the plaintiff attempted to uncouple it from the other car by means of the pin lifter, but that the same would not work and he was unable to uncouple it in that manner, and that he then went between the cars and sat down on the end of the coal car to lift the

pin with his hand in order to uncouple the cars, and that in doing so he acted as brakemen ordinarily and customarily did under such circumstances, and that he was in the discharge of his duty at the time; and if you further find that while plaintiff was so situated the engineer knew, or by exercising ordinary care would have known of plaintiff's situation, and that he stopped the engine and cars with unnecessary and great suddenness and violence and kick of the car; and if you find that the engineer could have stopped the engine without suddenness and violence and without danger to plaintiff, and that by reason of such sudden and violent stop, if any, the plaintiff was, as the direct and proximate result of suddenly stopping the train, if it was, jerked or thrown from the car and run over by the wheels of the car and injured; and if you find that the engineer in stopping the cars as he did was guilty of negligence, as that term has been defined, then the defendant, in such case, would be liable and you will find for the plaintiff; but unless you so find as explained, you will find for the defendant upon this issue of the case."

"7. Again, if you find from the evidence that the defendant company sent the engine in question out on the road and furnished the same to be operated by its trainmen with the automatic air brake 'cut out' on the engine, or so arranged that it would not operate on the engine, and that the engine had only straight air working on it with which to stop or control the movements of the engine and cars while switching; and if you find that only one character of stop could be made with the straight air brake on the engine in question, and that such stop was made by applying all the air and all the braking power on the engine, and that the same made and did cause the engine and cars to be stopped with unnecessary and great and sudden violence, and that the same was dangerous to the trainmen working with the cars in the performance of their duties in switching; and if you find that with the automatic air brake, if the same had been working on the engine, a service application of the air on the engine could have been made and that such application of the air would have caused the engine and cars to stop slowly or gradually and without a sudden or violent stop or jerk, and without danger to the brakemen performing their duties in switching; and if you find that the defendant company was guilty of negligence in so sending out the engine and furnishing the same to be used by its trainmen in such condition, if it was in such condition; and if you find that the engineer stopped the engine and cars by applying the full power of the straight air brake, and that thereby the cars were stopped suddenly and violently and with a dangerous jerk; and if you further find that the defendant company should reasonably have foreseen that some one of its train crew would likely be injured, as the plaintiff was, by reason of such condition of the air brake appliances on the engine and if you find that the plaintiff was thrown from the car by reason of the violent and sudden stopping of the cars, if any, and was injured, then the defendant company would be liable and if you so find you will find for the plaintiff, unless you find that he as-

sumed the risk, if any, from the engine being equipped with only the straight air brake and not with the automatic air brake."

One complaint made by the railway company against the seventh paragraph of the charge is that it submitted as an issue of negligence the mere failure upon its part to equip the engine with an automatic air brake available for use, and its equipment of the engine with a straight air brake instead. In this connection it is urged that the proof was undisputed that it was a common practice of railway companies to equip their engines for switching purposes with only a straight air brake instead of the automatic, and that the former was both a customary and safe appliance. It accordingly invoked the rule that the master performs the full measure of his duty to the servant when in the exercise of ordinary care he provides a customary appliance for the particular purpose, regarded by experts as safe and fit for the use; and that negligence can not be predicated upon his mere failure to furnish another kind of appliance which others may regard as a better one, but whose superiority over that furnished is a mere matter of opinion. This contention assumes that the charge authorized or permitted the jury to find that the company was guilty of negligence because of a mere failure to provide the engine with an automatic air brake available for use, and its having equipped it with a straight air brake. But it is apparent that such is not the effect of the charge. It does submit as an element of the issue presented, the defendant's failure to have an automatic air brake in operation upon the engine, but the jury were not told that merely such failure and the provision of a straight air brake, instead, would warrant a finding of negligence against the defendant. But before such a finding was authorized under the charge the jury was instructed that not only must it be found that the automatic air brake was not in service, and that the engine was equipped with only a straight air brake, but that the particular straight air brake upon the engine was such as to produce only one character of stop, and that by the application of its full braking power; and, further, that such a stop was made on the occasion of Matkin's injury and did cause the engine and cars to be stopped with unnecessary and great and sudden violence, and, also, that the straight air brake in question was dangerous to the trainmen working with the cars in the performance of their duties in switching. This is a very different matter from the submission of the question of negligence as determined simply by a failure to provide one kind of brake for the engine and its being equipped with another. Under the charge, in order for the company to be held guilty of negligence, it was required that the jury find the existence of other conditions, besides those above stated; but this statement of the features of the instruction is sufficient to demonstrate that it did not purport to authorize a recovery for the plaintiff merely on account of a failure by the defendant to equip the engine with an automatic air brake, or simply because the brake with which it was equipped was a straight air brake. If it is admitted that the evidence did not justify the submission of an issue of negligence arising upon a failure to equip the

engine with a serviceable automatic air brake,—a question which it is unnecessary to determine,—it must be conceded that the evidence did warrant the presentation of every other feature of the instruction to which we have called attention. As has been stated, the engineer, Petty, himself testified that the straight air brake upon the engine was capable of producing only one kind of stop; that it was necessary to apply its full power in order to effectively operate it; and that upon that occasion he applied it with its full power. That the train was caused to stop, as the result of the engineer's use of the brake, with great force and suddenness, appears to be an undisputed fact; and that the brake was dangerous to trainmen engaged in switching, if it admitted of use only with its full power and could produce only a sudden and violent stop of the train, is manifest. It is equally plain that a favorable finding for the plaintiff upon all of these issues embodied in the instruction, independent of any finding in respect to a failure to provide the engine with an automatic brake, was required before the jury was authorized to conclude that the defendant was negligent; and that the existence of such facts, if found by the jury, would warrant the conclusion that the defendant was negligent, irrespective of that question. The inclusion of such issue in the charge, therefore, could not, under any view, have operated to the prejudice of the defendant. The charge, as a whole, was simply equivalent to an instruction of this nature: "If you find that the engine, instead of being provided with a serviceable automatic air brake, was equipped for switching with only a straight air brake; and that only one character of stop could be made with the straight air brake with which the engine was equipped, and that such a stop was made by applying all the braking power on the engine, and that it caused the engine and cars to be stopped on the occasion in question with great, sudden and unnecessary violence; and that the same was dangerous to the trainmen working with the cars in the performance of their duties while switching," etc. The reference in such an instruction to the failure to have an automatic brake upon the engine could not place a defendant under any disadvantage in the submission of the case, even if it be admitted that negligence could not consist in its failure to so equip the engine, for the reason that the charge does not permit a finding of negligence against it upon that ground, but only upon other grounds clearly independent of it. Houston & Texas Central Railroad Co. v. Johnson, 103 Texas, 320, 127 S. W., 539.

In another assignment it is urged that the fourth and seventh paragraphs of the charge presented inconsistent theories of recovery against the railway company, in such a way that a favorable finding for the plaintiff under either necessarily negatived the existence of facts essential to a recovery under the other; and as the verdict returned for the plaintiff was a general one and, therefore, does not reveal upon which of the two respective issues it was rested, it should be disregarded, under the rule announced in Baker v. Ashe, 80 Texas, 356, 16 S. W., 36, and Railway Co. v. McMillan, 100 Texas, 562, 102 S. W., 103. In

other words, it is argued that if the jury found, under the seventh paragraph, as a finding for the plaintiff under that paragraph required, that only a sudden stop could be made with the brake upon the engine, the result was necessarily to acquit the engineer of negligence in the manner of his application of the brake, since he could not have been negligent in causing the sudden stop by the manner in which he applied the brake, if, however applied, it was incapable of producing any other kind of a stop; and, upon the other hand, a finding by the jury under the fourth paragraph, that the sudden stopping of the cars was due to the engineer's negligent application or handling of the brake, as was necessary under that paragraph for the return of a verdict for the plaintiff, was equivalent to a determination that if the brake had been applied with due care it would not have produced the sudden stop, and was, therefore, capable of producing a gradual stop, resulting, it is contended, in the defendant's acquittal of negligence in respect to the character of brake with which the engine was equipped.

If the engineer was negligent in his application of the brake, it does not follow from that, alone, that the defendant was not negligent in furnishing the particular brake. It may have been a violent, and, therefore, a dangerous, brake in its character, so difficult of safe use as to render the defendant guilty of negligence in providing it as the only braking power upon the engine, but, nevertheless, admitting of safe use by careful handling, and, therefore, authorizing the conclusion that the sudden stop of the cars was due to negligence on the part of the engineer in the manner in which he applied it.

The view, however, that a finding under the seventh paragraph that the brake could produce only one kind of stop, and that, a sudden stop, such as occasioned the injury to Matkin, would necessarily negative negligence on the engineer's part in the mere manner in which he applied it, must be granted as a logical one. If the brake was of that character, it does not result that the act of the engineer in applying it could not, under any circumstances, be regarded as negligent, for, under certain conditions, with his knowledge of the brake's operation, it might amount to the grossest negligence for him to apply it at all. But the fourth paragraph of the charge did not submit the question of whether his act in applying it constituted negligence, but only whether he was negligent' in the manner of its application. It is plain, therefore, that, as to the cause of the sudden stop in the operation of the brake, the charge, in these paragraphs, submitted theories which were inconsistent. This is not true, as we have already said, of the allegations of the petition, for it was not there charged that the stop was caused by the use of a brake capable of producing only that kind of a stop. The inclusion in the seventh paragraph of the issue as to whether the brake was of that character, was no doubt due to the testimony of defendant's witness, Petty, the engineer, that it could only be applied with its full power and could only produce one kind of a stop. The effect of the instruction was to impose upon the plaintiff an extra and unwarranted burden upon the issue in respect to the character of the brake, for it

was not essential to his recovery upon that issue, as pleaded by him, that it be found by the jury that the brake could only produce a sudden stop and could only be applied with full power. However that may be, the charge submitted the issue in that form; and whether the result was the submission of two inconsistent theories in respect to the cause of the sudden stop, can be determined only by the charge itself.

A plaintiff may rely upon two wholly inconsistent grounds of recovery, and where he may be entitled to prevail upon either, it is his right to have both of them submitted to the jury. But they should be always submitted in the alternative, and so as to make it plain that a recovery may be had upon only one of them. If they are wholly inconsistent and are submitted conjunctively, the effect of a general verdict for the plaintiff is necessarily an irreconcilable conflict in the findings of the jury, which amounts to no verdict at all.

Here the instructions were not, in the strict sense, given conjunctively. They were embodied in separate and detached paragraphs of the charge. There was no indication, however, in the charge that while a verdict for the plaintiff was permissible under either instruction, a recovery could not be had under both. With the charge failing to qualify either, in any manner, the general verdict is incapable of interpretation as a finding upon only one of them.

But the question of the inconsistency of the instructions becomes a wholly immaterial one when the nature of the case is considered. At most, their inconsistency was only in relation to the *cause* of the sudden stop of the cars through the use of the brake,—whether the character of the brake, or the manner in which the engineer applied it. It was one or the other which caused its use to produce the sudden stop, and the jury was bound to so find, since the entire evidence suggested no other explanation of its character. The defendant was responsible for the cause of it, whether it was the character of the brake or the way in which the engineer used it. It was the character of the stop which directly occasioned the injury to the plaintiff. Under both instructions the jury was required to find, as the predicate for the return of a verdict for the plaintiff, that it was through the use of the brake that the stop was produced; that it was one of great violence and suddenness; and that it caused the injury to the plaintiff. Upon neither of these questions was there any inconsistency in the instructions, and the effect of the verdict was a finding against the defendant upon all of them. In respect to the stopping of the cars with great violence and suddenness when the plaintiff was known to be between them engaged in his duties—a necessarily hazardous position—only one conclusion can be drawn, and that is, it was a negligent act. With this true, and the defendant responsible for the cause of the act, whether it was the condition of the brake or the manner of its use by the engineer, and with one or the other inevitably constituting its cause, what difference could it make that the court submitted in an inconsistent form the question as to which it was? The charge admitted of an inconsistent finding only upon that question. If under the evidence the defendant

was responsible for the cause of the stop, whether it was one or the other of the two agencies which the question submitted, and one of them must necessarily have produced it, it is plainly immaterial that the form of the instruction was inconsistent.

A further contention of the plaintiff in error is that it was erroneous for the court to submit to the jury in the fourth paragraph of the charge, as one of the elements of the plaintiff's right of recovery upon the issue therein submitted, whether in going between the cars, after he was unable to uncouple them with the pin lifter, and sitting down on the end of the coal car to lift the pin with his hand in order to uncouple them, he "acted as brakemen ordinarily and customarily did under such circumstances." It seems to be urged that this amounted to an instruction that if such was the nature of the plaintiff's act, it would acquit him of contributory negligence. Such, however, is not the effect of the charge. It required the jury to find that in taking such position between the cars, the plaintiff so acted, not as the test of whether he was guilty of contributory negligence,—for it did not purport to relate the question to that issue,—but as a condition of his right to recover. It was a superfluous instruction, for if he was not guilty of contributory negligence in taking the position, it was immaterial whether he acted in accordance with the ordinary custom of brakemen under like circumstances. And in a succeeding paragraph the jury was plainly told that he would be guilty of contributory negligence, "if in going between the cars, or in sitting on the end of the car, or in taking the position which he did, or in anything that he did, he did not act as a person of ordinary prudence would have acted under the same circumstances; or if he failed to do anything for his safety which a person of ordinary prudence would have done under the same circumstances, and such conduct on his part concurred with some negligence of the defendant found by the jury under the charge."

The court properly instructed the jury that the plaintiff assumed no risk arising from any negligence on the part of the engineer in his application of the brake. The question of his assumption of the risk proceeding from the operation of a brake which could only be applied with full power and capable of producing only a sudden stop, was not, in our opinion, in the case, which renders unnecessary any discussion of the charge on assumed risk as applied to the condition of the brake. There was no evidence that the plaintiff had any knowledge that the brake upon the engine could only be applied with its full power and could produce only a sudden stop, and, therefore, the issue of his having assumed the risk of the use of such a brake, was not raised.

We have discussed those questions which we deem to be of importance in the case. We believe the judgments of the District Court and the Court of Civil Appeals should be affirmed, and it is so ordered.

*Affirmed.*