## SCROGGINS v. CITY OF HARLINGEN.

### No. 7260.

Supreme Court of Texas.

March 30, 1938.

For former judgment of the Supreme Court, see 112 S.W.2d 1035, and for judgment of the Court of Civil Appeals, see 101 S.W.2d 632.

Carter & Stiernberg, of Harlingen, and A. J. Rabel, of Alice, for plaintiff in error.

Polk Hornaday, Arthur Klein, and Hornaday & Klein, all of Harlingen, for defendant in error.

SHARP, Justice.

The Court of Civil Appeals in its opinion written in this case discussed only one question, and held that the acts of the officers of the City of Harlingen, in connection with the operation of the Valley Mid-Winter Fair, were ultra vires, and that the city was not responsible therefor. This holding settled the case in so far as the liability of the City of Harlingen was concerned, and the judgment of the trial court was reversed and the cause remanded. Tex.Civ.App., 101 S.W.2d 632. This court reversed that holding, and held that the acts of the officers of .the city were not ultra vires, and affirmed the judgment of the trial court. Tex.Sup., 112 S.W.2d 1035.

A motion for rehearing has been filed by the City of Harlingen. Our attention is called to the fact that the Court of Civil Appeals in its disposition of the case did not determine certain assignments of error presented by appellants, relating to the excessiveness of the verdict, the admissibility of certain testimony, and the sufficiency of the evidence to support the verdict.

We adhere to the correctness of our conclusions on the questions discussed in our original opinion. However, we have concluded that we were in error in affirming the judgment of the trial court, for the reason that some of the assignments are not within the jurisdiction of this court; and it is therefore necessary to remand the case to the Court of Civil Appeals for further consideration of such assignments. Baker et al. v. Fogle et al., 110 Tex. 301, 217 S.W. 141, 219 S.W. 450; Bird v. Fort Worth & R. G. R. Co., 109 Tex. 323, 207 S.W. 518; Mills v. Mills, 111 Tex. 265, 231 S.W. 697; Texas & N. O. R. Co., v. Stevens, Tex.Com.App., 24 S W.2d 9; Crawford v. El Paso Sash

& Door Co., Tex.Com.App., 289 S.W. 994.

It is therefore ordered that the judgment heretofore entered in this cause be set aside; that the judgment of the Court of Civil Appeals be reversed; and that this cause be remanded to that court for such further proceedings, not inconsistent with our opinion, as may be necessary for 'a disposition of the assignments relating to the excessiveness of the' verdict, the admissibility of certain testimony, and the sufficiency of the evidence to support the verdict, not heretofore determined by it.