784

## GULF, C. & S. F. RY. CO. v. SHAMBURGER.

### No. 12192.

Court of Civil Appeals of Texas, Galveston.

June 1, 1950.

Wigley, McLeod, Mills & Shirley, of Galveston, for appellant.

Mandell & Wright, of Houston, for appellee.

GRAVES, Justice.

Gerry Shamburger (appellee) brought this suit against Gulf, Colorado and Santa Fe Railway Company for personal injuries allegedly received when she was a passenger on a Santa Fe train, which was involved in a collision. Based upon jury findings, in response to special issues and instructions, the trial court entered a judgment in favor of the plaintiff for $10,700. Gulf, Colorado and Santa Fe Railway Company has appealed from this judgment.

In protest on appeal against the judgment so adverse to it below, appellant presents this single point of error: "The verdict was excessive."

The jury's stated assessment of the appellee's damages at the total sum of $10,-700 must be interpreted in the light of the court's detailed instructions as to what it should take into consideration in assessing them. They were as follows:

"(a) Physical pain and mental suffering, if any, suffered by plaintiff, Gerry Shamburger, from May 30, 1947, down to the date of this trial;

"(b) Physical pain and mental suffering, if any, that you may find from a preponderance of the evidence, will in all reasonable probability be suffered by plaintiff, Gerry Shamburger, in the future and beyond the date of this trial;

"(c) The reasonable cash value of the loss, if any, to plaintiff, Gerry Shamburger, of any wages which you may find from a preponderance of the evidence she would reasonably have earned from May 30, 1947 to the date of this trial; and

"(d) The present cash value of the lost or diminished capacity to work and earn money, if any, you may find from a preponderance of the evidence, in reasonable probability will be sustained by plaintiff, Gerry Shamburger in the future and beyond the date of this trial;

"(e) Such sum of money necessarily incurred by plaintiff, Gerry Shamburger, for medical care and attention from May 30, 1947, to the date of trial;

"(f) Such sums of money, if any, as in all reasonable probability will be necessarily incurred by plaintiff for medical care and attention beyond the date of this trial.

"In assessing such damage, if any, you must exclude from your estimate any compensation for impairments, if any, and suffering, if any, of said plaintiff, which may be solely or partly due to ailments or physical conditions, if any, which she may have had before the accident, * * *".

There was no evidence of, nor any contention as to, any misconduct on the part of the jury, nor any suggestion that it was

influenced in fixing the amount of the appellee's recovery by any bias or prejudice on its part.

■ So that, under the recent holding of our Supreme Court in Dallas Ry. & Terminal Co. v. Farnsworth, 227 S.W.2d 1017, there having been no extraneous proof of passion or prejudice on the part of the jury, it becomes the duty of this court, after considering upon its own account the state of all the evidence heard below bearing upon the amount of the verdict, to determine whether it considers the same to have been excessive. Texas & P. Ry. Co. v. Matkin, Tex.Civ.App., 142 S.W. 604, affirmed 107 Tex. 125, 174 S.W. 1098; Younger Bros. v. Marino, Tex.Civ.App., 198 S.W.2d 109, W. E. Ref. N. R. E.; Dallas Ry. & Terminal Co. v. Bishop, Tex. Civ.App., 203 S.W.2d 651, W. E. Ref. N. R. E.; Erwin v. Welborn, Tex.Civ.App., 207 S.W.2d 124; 8 R.C.L., sec. 215, page 673; 13 Tex.Jur., sec. 148, page 261, "Adequacy or Excessiveness".

The concluding portion of such cited sec. 148, 13 Tex.Jur., at pages 262–3, states the rule this way: "Compensation is the end to be attained in each instance. Full compensation is impossible in the abstract; and different individuals will vary in their estimate of the sum which will be a just pecuniary compensation. The courts will only see that the jury approximate a sane estimate, or that the results attained do not shock the judicial conscience. And while the amount awarded must bear some reasonable proportion to injury sustained, a verdict will not be set aside merely because it is large, or because the reviewing court would have awarded less. It is the function of the jury to assess damages, and the fact that the law furnishes no legal rule for their admeasurement does not warrant, but should rather restrain the court from substituting its judgment as to what would be a reasonable compensation for the injury for that of the jury."

■ After such a review, it is the finding of this court that there was no such excessiveness.

Perhaps no more conformable statement to the record, of some of the controlling conditions upon which this conclusion is rested, may be made than this one in the appellee's brief, which is quoted with approval: " * * * To recapitulate, we note that the jury—by the evidence—could have allowed:

"(a) For loss of four months earnings from the end of June, 1947, to December, 1947, $560.00;

"(b) For loss of future earnings for a period of 2½ to 3 years, during which time Appellee must have psychiatric treatment and have complete rest, $7,500.00;

"(c) Expenses for medical care to the date of trial, 285.00;

"(d) Medical expenses in the future, including psychiatric treatment for a period of 2½ to 3 years, $2,500.00

"Making a total of, $10,845.00.

"These allowances alone, amply supported by the evidence, exceeded the actual sum allowed by the jury. The jury, in addition to the above amounts, could have allowed: (1) Damages for pain and suffering from the date of the injury to the date of trial; (2) Damages for pain and suffering from the date of the trial and in the future; (3) Diminished earning power which was permanent in its nature, the evidence showing that Appellee suffered a disability of 25% to 30% to her back that will continue for as long as she lives."

Without further discussion, this opinion will be closed by a reiteration of this court's recent declaration of the applicable rule of law to the situation so existing, speaking through Justice Cody in J. Weingarten, Inc., v. Sanchez, Tex.Civ.App., 228 S.W.2d 303, 310: "It is not debatable that the damages here awarded by the jury were high. We have finally reached the conclusion, however, that in the absence of the remittitur provision of the law, we would not be justified in reversing the judgment solely upon the ground that the verdict was excessive. The jury is generally justified in finding the pecuniary damages at a higher figure than that which merely includes proven wages. Since we would not feel authorized to reverse the judgment solely on the ground of exces-

siveness, we obviously can not find any amount to require plaintiffs to remit to prevent such reversal on such ground."

The judgment will be affirmed.

Affirmed.