**SMITH & CONKLIN BROS. et al. v.
GRIFFITH et al.**

No. 12564.

Court of Civil Appeals of Texas. Galveston.

July 9, 1953.

Rehearing Denied Oct. 1, 1953.

Dyess, Dyess & Jennings of Houston, and Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellant.

L. F. Hardin of Rosenberg, Maurice A. Lehmann, of Houston, and Allen, Smith, Neal & Lehmann, of Houston, of counsel, for appellee Howard Vernon Griffith.

J. Toll Underwood, of Houston, and Morris, Underwood & Oldham, of Houston, of counsel, for appellee Texas Employers' Ins. Ass'n.

GRAVES, Justice.

This statement of the nature and result of the suit, admitted by the appellees to be substantially correct, is taken from the appellants' brief:

"This is a damage suit. Howard Vernon Griffith brought suit against Smith & Conklin Brothers, a truck line, for damages, growing out of personal injuries alleged to have occurred as a result of an accident which happened while an oil well drilling-rig, owned by Starworth Drilling Company, was being dismantled. Plaintiff Griffith was employed by Starworth Drilling Company. Defendants, P. R. Smith, D. L. Conklin, and W. D. Conklin, individually and d/b/a Smith & Conklin Brothers, had two employees, a truck driver and a truck swamper, at the scene of the accident, such truck line employees assisting the Star-

worth Drilling Company tool pusher, and employees under said tool pusher, in the dismantling of the drilling-rig.

"Texas Employers Insurance Association intervened as a party plaintiff, seeking to recover the sum of $5,850.00, representing workmen's compensation benefits paid by it to Griffith, plus the sum of $486.50, representing sums paid by it for medical aid for Griffith.

"Trial upon the merits, before a jury, upon Special Issues, resulted in a verdict for the plaintiff for $75,000.00. Judgment for $75,000.00 was rendered for Plaintiff."

In this Court appellants present some 14 points of error, which, it is thought, may be substantially summarized as follows:

Nos. 1 and 2, alleging error upon the trial court's part in overruling appellants' motions for an instructed verdict at the end of appellees' case there, and for judgment in their favor—made after the jury had rendered a verdict against them;

Nos. 3 and 4, charging error of the court in refusing to submit two groups of special issues, requested by the appellants under separate groups Nos. 1, 2, 3, and 4, 5 and 6, respectively, requesting findings by the jury on whether or not the appellee Griffith had failed to determine the tensions on the drilling-rig line attached to the Halliburton reel, and on the winch line, respectively, immediately before and at the time of the accident, and if so, whether such failures, either or both, had constituted negligence, as well as proximate causes of the accident;

Nos. 5 and 6, attacking the jury's verdict on the respective grounds that it was not only so grossly excessive as to show it was the result of passion and prejudice, but was also so against the great weight and preponderance of the evidence as to have been clearly wrong;

Nos. 7 to 14, inclusive, challenging the correctness of the trial court's action (as not being responsive to the pleadings and evidence) in submitting all of these special issues to the jury, to-wit: Nos. 1 and 2, 3 and 4, 5–6 and 7, 8–9–10, 11–12 and 13, 14–15 and 16, 17–18–19, and 33.

None of appellants' presentments, it is determined, should be sustained.

In the consideration of the cause this Court has been favored with an extensive record of the proceedings below, including technical exhibits and calculations, extended written briefs, and oral arguments as well, from both sides.

While it recognizes that the accidental occurrence involved was a somewhat unusual one, even in the oil well drilling-rig business, its conclusion from the whole record is that the trial court did not commit reversible error in its extended submission of the 33 special issues to the jury, and in entering its challenged judgment in response to the verdict of the jury thereon.

The court submitted in such detailed inquiries of the jury what it deemed to be all of the controlling issues of fact raised by the pleadings and evidence, pursuant to Rule 279, Texas Rules of Civil Procedure; and, on the return of the jury's verdict answering all of such issues in favor of the appellee, it entered the appealed-from judgment.

This Court has endeavored to search the record for such error in that determination by the trial court as would call for a reversal of the result so had below; but it is unable to hold that appellants, in any of their recited points, have shown such an error to have crept in.

As the extended issues make plain, the trial court literally cross-examined the jury on all the material questions of fact raised in their favor by the appellants, and entered its judgment thereon only after the jury had determined all such issues to be resolvable in favor of the appellee instead.

Among such contentions, the appellants, in their briefs and oral arguments especially, in this Court, have attacked the theory of the trial court in refusing to give to the jury their requested special issues Nos. 1 to 6 inclusive, which have been already summarized in their above-referred-to points of error; appellants sought thereby to have the jury find whether or not the appellee failed to determine the separate "tension" on the drilling-rig line, attached to the Halliburton reel on the derrick floor, as well as the "tension" of the winch line, also on such floor, prior to the accident to himself.

This matter, it is thought, strikes at the base of the trial court's submission of the cause to the jury; if appellants' contention thereon is correct, the cause should be reversed; otherwise, as indicated, it is thought to have pointed out no reversible error. This Court cannot agree with appellants as to responsibility for such stated "tensions." The court had, in its special issues Nos. 23 to 32, inclusive, fully submitted the controlling issues, raised by the pleadings and proof, touching the claimed contributory negligence of the appellee in reference to these two named "tensions", as well as in all other material respects, to the jury; and its answers acquitted the appellee of any negligence upon any other count, as well as those relating to such "tensions." Those findings, under the pleadings, relieved the appellee from any such duty to determine either of such "tensions", as appellants so contended for. And, in that connection, it appears to have been undisputed that the appellee did not operate either of these lines, and that he had just walked up to the Halliburton reel, which belonged to and was being operated by the appellants, near the center of the derrick floor, when it was knocked off and fell upon him; further, that appellee was looking at the reel at the time, and when he saw it start to flip, he turned to run to avoid it, but failed.

 This situation would seem to have acquitted the appellee of any negligence on his part, upon that phase of the case. Galveston H. & S. A. Ry. Co. v. Vollrath, 40 Tex.Civ.App. 46, 89 S.W. 279, error refused; Ft. Worth & D. C. Ry. Co. v. Capehart, Tex.Civ.App., 210 S.W.2d 839, error ref. n. r. e.; Northeast Texas Motor Lines v. Hodges, 138 Tex. 280, 158 S.W.2d 487.

 The assignments, attacking the judgment on the ground that the verdict and judgment in favor of the appellee were excessive, and so against the great weight and preponderance of the evidence as to have been clearly wrong, are overruled without extended discussion, under the conclusion that the trial court properly found from the evidence that the appellee had suffered such permanent and disabling injuries, as well as such suffering and loss of earnings and earning capacity for the balance of his life (he having at that time a life expectancy of 37.4 years), as entitled him to the amount awarded; especially so, at a time when the courts had taken judicial knowledge of the fact that the purchasing power of the dollar is low. Texas & Pac. Ry. Co. v. Matkin, Tex.Civ.App., 142 S.W. 604, affirmed 107 Tex. 125, 174 S.W. 1098; Younger Bros. v. Marino, Tex.Civ.App., 198 S.W.2d 109, error ref. n. r. e.; Dallas Ry. & Terminal Co. v. Bishop, Tex.Civ. App., 203 S.W.2d 651, error ref. n. r. e.; Hill & Hill Truck Line v. Van Schoubroek, Tex.Civ.App., 233 S.W.2d 167.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.

MONTEITH, C. J., not sitting.