### ADAMS & WICKES v. THE SAN ANGELO WATER WORKS COMPANY.

#### No. 105.

**1. Constitutional Law—Title of Act.**

The title to an act approved March 28, 1893, is "An act to amend an act to regulate the condemnation of property in cities and towns, for the purpose of opening, widening, or changing public streets, or avenues, or alleys, or for water mains or sewers." In the act provision was made for condemnation of grounds for "reservoirs or standpipes." *Held*, that these subjects were not expressed in the title, and were not covered by the term "water mains," and that the act gave no power to condemn·for reservoirs or standpipes ........................... 486

**2. Same—Amending Act.**

The title to the amending act should be construed not only as pointing out the law it was intended to amend, but as stating the subject of the amendatory act in the same terms which were employed in the title to the act amended. ............................................... 488

CERTIFIED QUESTIONS from Court of Civil Appeals for Third District, in an appeal from Tom Green County.

*Joseph Spence, Jr.*, and *Cochran & Hill*, for appellants.

GAINES, ASSOCIATE JUSTICE. — The Court of Civil Appeals submits, with an accompanying statement, the following questions for our determination:

"1. Appellants contend that the act of the Legislature approved April 8, 1889, amending the Act of March 20, 1883, authorizing condemnation proceedings by cities and towns (Laws 1889, page 3), is unconstitutional, because it authorizes condemnation of property for other purposes than those designated in the caption of the bill.

" 2. If the act be valid, it is contended by appellants that it does not authorize any person or corporation, other than a municipal corporation, to have property condemned for the purpose of constructing water mains. In other words, the contention is, that as the statute confers upon private corporations chartered for the purpose of constructing water works or furnishing water for any town or city, the same authority conferred upon the town or city to condemn property for the purpose of constructing reservoirs and standpipes, and omits water mains, no authority exists for a private corporation to condemn property for the latter purpose."

The first section of the act in question grants to any incorporated city or town the power to condemn property " for the construction of water mains, supply reservoirs, or standpipes, for water works," as well as for certain other purposes; and provides that " any company or corporation chartered under the laws of the State for the purpose of constructing water works or furnishing water supply for any town or city, shall have the same right to condemn property necessary for the construction of supply reservoirs or standpipes for water works, when deemed necessary to preserve the public health, that is given towns and cities under this act." The title of the act is as follows: "An act to amend an act to regulate the condemnation of property in cities and towns, for the purpose of opening, widening, or changing public streets or avenues or alleys, or for water mains or sewers, approved March 28, 1883." The language which follows the word " amend" in this title is a literal repetition of the title of the amended act.

The provision of our Constitution which bears upon the question is as follows: " No bill (except general appropriation bills, which may embrace the various subjects and accounts for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed." Const. 1876, art. 3, sec. 35. Each of our former Constitutions contained a similar provision, which reads as follows: " Every law enacted by the Legislature shall embrace but one object, and that shall be expressed in the title." The purpose of the change from the use of the word " object" to that of " subject" is not manifest; nor is it quite clear that the amendment changes the meaning of the original provision in any important particular. But a comparison of the two sections is not necessary to the determination of the present question; and whether the one was intended to be more or less restrictive than the other, is an inquiry which we need not enter upon at this time.

The matter of condemning property for reservoirs is not named in the title to the act, nor is it, as we think, expressed by the mention of " water mains." The former term is not comprehended within the latter. They

are in no respect synonymous; and the things they represent, though intimately connected in their actual use, are distinctly different. Their relation to each other and their connection in ordinary use—the necessity of one to the other which may exist under certain circumstances—may evince the intention of the Legislature to make the law applicable to both. But it is not with a question of intention we deal. The inquiry is not what the Legislature intended to embrace in the title, but what, by the terms employed, it did in fact embrace.

The purpose of the constitutional requirement is to give notice through the title of the bill, not only to members of the Legislature, but to the citizens at large, of the subject matter of the projected law, and thereby to prevent the surreptitious passage of a law upon one subject under the guise of a title which expresses another. Giddings v. San Antonio, 47 Texas, 553; Cool. on Const. Lim., 172. If the subject as expressed in the title had been to authorize the condemnation of property for water works, it would have embraced every subject embodied in the act in relation to that matter. But the maxim that the mention of one thing is the exclusion of another, is not only a legal but a logical rule; and it applies with peculiar force to the question of notice. The expression of a purpose to confer authority by an act of the Legislature to give the power to condemn property for water mains, not only fails to give notice of the purpose to confer such power in reference to reservoirs, but is calculated, on the contrary, to lead to the belief that the latter purpose is not intended.

The case of Merriwether v. Price, 11 Indiana, 199, is very nearly in point upon the question submitted. A statute of the Indiana Legislature, entitled "An act concerning promissory notes and bills of exchange," made provision not only concerning such notes and bills, but also in relation to "other written instruments." So much of the act as related to other written instruments was held void. It is noteworthy, that with the exception of the words embraced in parentheses, section 35 of article 3 of our Constitution is an exact copy of the provision of the Indiana Constitution which was construed in that case. The decision was rendered in 1858, and it is evident that the section of our Constitution under consideration was either borrowed from that of Indiana, or that they have a common origin.

We have not been furnished with a brief for appellees; but it has occurred to us that it may be contended on their behalf that so much of the title of the statute under consideration as repeats the caption of the original act was intended merely to describe it, and not to express the purpose of the amended law. It may be contended, in other words, that the title in question should be treated as if it had merely expressed the purpose to amend the law of March 28, 1883.

But it may be doubted, in the first place, whether under the requirement of the Constitution such a title would have been sufficient to em-

brace a subject not mentioned in the former law; and in the second, we think that the title of the latter act should be construed not only as pointing out the law it was intended to amend, but to state the subject of the amendatory act in the same terms which were employed in the title of the act amended.    This construction accords best with the spirit of the provision of the Constitution.    The other construction, we think, would allow the Legislature to do by indirection what it was prohibited from doing directly, and enable it to incorporate in an amendatory statute a subject matter which was not expressed either in that or in the statute which was amended.

We are therefore of opinion, that the statute under consideration is void in so far as it attempts to authorize the condemnation of property for reservoirs and standpipes.    The second question is propounded only on condition that we hold the act valid in all respects, and therefore we do not pass upon it.

Delivered March 12, 1894.