## SCOTT, Superintendent of Banks of State of Ohio, v. SAUNDERS.

(Circuit Court of Appeals, Sixth Circuit.   June 6, 1923.)

No. 3898.

**1. Conspiracy ⊗═17—All conspirators need not be joined in suit to recover fund obtained through the conspiracy.**

A complainant, defrauded of a fund through a conspiracy, may maintain a suit for its recovery against the conspirator having possession of the fund without joining the others.

**2. Banks and banking ⊗═63½—State superintendent, in possession of assets of insolvent bank, may be required to restore trust fund.**

A state superintendent of banks, who is in possession of the assets of an insolvent bank, in which is included a sum fraudulently acquired by the bank and held in trust for complainant, is in no better position than the bank to defend against a suit for its recovery, and may be required to restore it from the assets.

**3. Appeal and error ⊗═187(3)—Decree will not be reversed for absence of party, not indispensable, whose joinder was not asked.**

An appellate court will not reverse a decree, otherwise correct, because of the absence of a party who might have been brought in for the protection of a defendant, but for which no application was made, and upon which error is not assigned.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit in equity by Helen M. Saunders against H. E. Scott, Superintendent of Banks of the State of Ohio, and others. Decree for complainant, and defendant Scott appeals. Affirmed.

Helen M. Sanders brought an action in equity against Clara M. Saunders, John S. Wilson, administrator of the estate of Robert M. Saunders, deceased, R. W. Healey, the Mutual Life Insurance Company of New York, and H. E. Scott, superintendent of banks of the state of Ohio, to recover specific funds in the possession of the state banking department of Ohio. She averred in her petition that Robert M. Saunders, a resident of the state of Pennsylvania, died intestate on or about the 1st day of February, 1920, leaving surviving him the plaintiff, his mother, and Clara M. Saunders, his widow; that he left no father or children surviving; that under the law of Pennsylvania his widow was entitled to $5,000 and to one-half part of the remaining real and personal estate; and that she, as the mother of the deceased, was entitled to one-half the estate in excess of the first $5,000 to the widow. She further averred that at the time of his death her son owned two policies of life insurance, issued by the Mutual Life Insurance Company of New York, aggregating $25,000; that these policies were originally made payable to the Struthers Savings & Banking Company, of Struthers, Ohio, to secure the payment of money borrowed by Robert M. Saunders from said bank, but that prior to his death he had fully discharged his obligation to the bank; that the policies had been delivered to him, and by him transmitted to the defendant insurance company for the purpose of having them changed, so that they would be made payable to his estate; that before such change could be made Robert M. Struthers died, and Wilson was appointed his administrator; that thereupon the agent of the defendant insurance company, in possession of these policies, transmitted the same to Wilson, administrator, with the statement that the same was payable to him as trustee of said estate; that the administrator, disregarding his duty as trustee, and co-operating with the defendants, Healey, Clara M. Saunders, widow, and the Struthers Savings & Banking Company, delivered these policies, which belonged to the estate of Robert M. Saunders, deceased, to the Struthers Savings & Banking

Company, and procured and induced its treasurer fraudulently to represent to the defendant insurance company that the Struthers Savings & Banking Company was legally entitled to receive the entire amount payable thereon; that thereupon the Struthers Savings & Banking Company, acting by and through its treasurer, made out and presented a claimant's certificate, and the defendant insurance company negligently paid to the Struthers Savings & Banking Company the sum of $25,000 upon these policies; that upon the receipt of this money the Struthers Savings & Banking Company issued to Clara M. Saunders passbooks for said amount, with the full knowledge that the money so received and retained by it was money belonging to the estate of Robert M. Saunders; that said banking company knew, at the time it received and retained this money, that it was insolvent; that shortly after the receipt of this money the bank was ordered closed by the state banking department of Ohio as an insolvent banking company, and the assets thereof, together with the $25,000 belonging to the estate of Robert M. Saunders, passed into the hands of H. E. Scott as superintendent of banks of the state of Ohio.

Plaintiff further averred that Scott, superintendent of banks, in the course of the liquidation of the affairs of this insolvent bank, allowed the claim of Clara M. Saunders, evidenced by her passbooks, as a valid claim against this bank, and paid to her two payments aggregating about 50 per cent. of the total amount; that the balance of said fund is in the possession and control of Scott as such liquidating officer; that the defendant John S. Wilson was appointed administrator of the estate of said decedent by the orphans' court of Allegheny county, Pa.; that he proceeded to administer the estate in that court, and on the 27th day of June, 1921, filed a final account of his administration with the orphans' court of Allegheny county, Pa.; that the same was approved and confirmed on the 13th day of July, 1921, by a decree of that court, and that in the process of administering said estate he paid and distributed to Clara M. Saunders, widow, $4,945.75, to apply upon the $5.000 which she was entitled to receive first out of the estate of her deceased husband, and that nothing whatever was paid to the plaintiff, and prayed for an equitable judgment, order, and decree against the defendant Clara M. Saunders, John S. Wilson, as administrator of the estate of Robert M. Saunders, the Mutual Life Insurance Company of New York, and defendant H. E. Scott, superintendent of banks of Ohio, for the sum of $12,500, and for other relief.

The defendant Scott, for answer to this petition, admitted his official capacity, the insolvency of the Struthers Savings & Banking Company, that he was in possession of its assets, that in the ordinary process of liquidation he had allowed and paid to the defendant Clara M. Saunders dividends aggregating $11,977.78, and, for want of knowledge, denied all the other allegations of the petition; and, further answering, he averred that he had no interest in the controversy other than in his official capacity, and prayed the court's guidance and instruction in the payment of future dividends. The Mutual Life Insurance Company of New York by answer admitted the issuing of the policies upon the life of Robert M. Saunders; that in good faith it had paid $23,955.55, the full amount due on these policies, to the Struthers Savings & Banking Company, as provided by the terms of the policies, and without any knowledge or negligence on its part, but upon the representations, claims, and demands made upon it by the Struthers Savings & Banking Company, and for want of knowledge denied all other matters set up in the plaintiff's petition. The other defendants were not served with summons.

Upon the trial of the issues joined by the petition of the plaintiff and the separate answers of H. E. Scott, superintendent of banks, and the Mutual Life Insurance Company, the District Court found on the pleadings and evidence that all of the allegations and averments of the petition were true, save that the amount due on said policies of insurance was $23,955.55, and ordered and decreed that the defendant H. E. Scott, as superintendent of banks, pay to the plaintiff, from the funds in his possession, the sum of $11,950.67, with interest thereon at 6 per cent. from the 23d day of March, 1920, and that said defendant pay the costs. Thereupon H. E. Scott, superintendent of banks of the state of Ohio, filed a petition for appeal, which appeal was al-

lowed by the trial court. With the petition for appeal defendant Scott filed the following assignments of error: "Because the evidence showed that the defendant the Mutual Life Insurance Company knew, or by the exercise of ordinary diligence and care and prudence ought to have known, of all of the facts set up in the plaintiff's complaint herein, and was jointly responsible for the things complained of in said complaint, and not entitled to be freed and discharged from liability by reason of the facts stated in said complaint, but, on the contrary, was and ought to have been held liable in contribution to this defendant."

Before the hearing and submission of this appeal to this court the Mutual Life Insurance Company, by and with the consent of the appellant, H. E. Scott, superintendent of banks of Ohio, was dismissed as a party defendant to this appeal.

Herbert D. Palmer, of Cleveland, Ohio (Charles C. Crabbe, Atty. Gen., of Ohio, and David E. Green, of Cleveland, Ohio, on the brief), for appellant.

Daniel P. Conway, of Youngstown, Ohio (James Kennedy, of Youngstown, Ohio, on the brief), for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). It is now insisted upon the part of the appellant that, notwithstanding the sole assignment of error was directed against that part of the decree in favor of the Mutual Life Insurance Company, it appears from this record there was an absence of indispensable parties in the District Court, and that, while this is not assigned as error, yet it is a plain error, which, under rule 11 (202 Fed. viii, 118 C. C. A. viii) should be noticed by this court. This claim is based upon the proposition that by reason of defect in parties, the decree of the court will not protect the appellant from any claims that may be made by the widow, Clara M. Saunders, or John S. Wilson, administrator of the estate of Robert M. Saunders, against the fund in his hands as liquidating officer of the Struthers Savings & Banking Company.

[1] No question was presented to the trial court as to the absence of indispensable parties. If the allegations of the petition are true, then neither the administrator of the estate nor the widow of Robert M. Saunders, deceased, had any interest in the subject-matter. The material allegations of the petition were put in issue by the appellant, Scott, and submitted upon evidence to the court for adjudication. The court found all of the allegations of the petition to be true, except as to a trifling difference in the amount actually received upon these policies by the Struthers Savings & Banking Company. The allegations of the petition are given at length in the statement of this case. It is sufficient, therefore, to call attention to the fact that it was averred in the petition that the administrator, John S. Wilson, the widow, Clara M. Saunders, R. W. Healey, and the Struthers Savings & Banking Company entered into a fraudulent collusion and conspiracy to defraud the estate of Robert M. Saunders, deceased, and to defraud the plaintiff, the mother of the defendant, of her distributive share in that estate, and that by reason of this fraudulent collusion and conspiracy the Struthers Savings & Banking Company came into possession of $25,-000 belonging to the estate of Robert M. Saunders, substantially one-

half of which the plaintiff was entitled to receive as her distributive share of her son's estate; that the estate of Robert M. Saunders had been fully settled in the courts of Pennsylvania, and after the payment of all the debts of said estate Clara M. Saunders received as widow of the intestate substantially $5,000 as her distributive share, and that later she received from the appellant substantially one-half of this fund arising from these insurance policies that had been fraudulently diverted from this estate. The District Court specifically found these allegations to be true, and the evidence fully sustains these findings. It follows, therefore, that Helen M. Saunders, the mother of the deceased, could have maintained an action at law against either one of the wrongdoers who entered into this conspiracy and collusion, without joining any of the other parties thereto. In this case, however, she brought within the jurisdiction of the court, not only a party to this fraudulent scheme, but also sufficient of the fund that had been diverted from the estate to satisfy her claim for her distributive share of the estate of the intestate.

[2] While it is true that H. E. Scott, superintendent of banks of the state of Ohio, was not a party to this fraud, nevertheless, as representing that insolvent institution, he is in no better position to defend against the claim of the plaintiff than the Struthers Savings & Banking Company would be, if it were still solvent, in possession of the fund and transacting business in its own name. By reason of his official capacity he has succeeded to the possession of this trust fund. In so far as concerns the funds that came into the possession of the appellant as liquidating officer of that insolvent banking institution, his rights and liabilities must be measured by the rights and liabilities of the company he represents.

[3] We need not consider whether the court below, upon proper insistence, should have refused to make a decree until at least the widow was brought in, so as to be bound by it, or might nevertheless proceed without such party, because the bank was found in wrongful possession of plaintiff's property. Upon such a record as this, where it has been charged and decided that the bank represented by the appellant participated in the fraud corrected by the decree, we cannot resort to rule 11 to find a basis for an otherwise unjustified reversal.

For the reasons stated, the judgment of the District Court is affirmed.