**CONSOLIDATED UNDERWRITERS v. KIRBY LUMBER CO.** (No. 463–3995.)

(Commission of Appeals of Texas, Section B. Dec. 20, 1924.)

**1. Statutes ☞105(1)—Object of constitutional provision requiring subject of act to be expressed in title stated.**

Purpose of Const. art. 3, § 35, requiring subject of act to be expressed in title, is to prevent insertion of obnoxious clauses and to prevent legislation, through combination, on composite bill, of votes of proponents of different measures included in it.

**2. Statutes ☞105(1)—Provisions of Constitution requiring subject-matter of acts to be expressed in title entitled to liberal and substantial construction.**

Constitutional provisions requiring subject-matter of bill to be expressed in title, though mandatory, are entitled to be interpreted liberally and substantially, and not strictly or literally.

**3. Statutes ☞109—Maxim that expression of one thing is exclusion of another does not apply to titles of legislative enactments.**

Maxim that expression of one thing is exclusion of another does not apply to titles of legislative enactments.

**4. Statutes ☞109—Title of act expressing general and ultimate subject will support provisions in body of act reasonably implied, relevant, germane, complementary, or incidental to it.**

Under Const. art. 3, § 35, if general and ultimate subject of particular act as whole is found in wording of title, subject so expressed will support provisions in body of act that are component parts of general subject, reasonably implied or auxiliary to it, relevant, germane, complementary, necessary, or reasonably incidental.

**5. Statutes ☞114(2)—Provisions of Employers' Liability Act, giving insurance "association" cause of action against third person liable for employé's injury held sufficiently expressed in title.**

Title to Employers' Liability Act (Complete Tex. St. 1920, arts. 5246—1 to 5246—91; Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1, to 5246—91), held to sufficiently evidence intent to give insurance "association" cause of action against third persons liable for injuries of employé of subscriber to validate, under Const. art. 3, § 35, section 6a (art. 5246—47), in so far as it purports to give such cause of action; term "association" as used therein being inclusive of private insurance companies under article 5246—84.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Association.]

**6. Statutes ☞141(2)—Provision of Employers' Liability Act held not in effect amendatory of death injury statutes, and invalid for failure to comply with constitutional provision affecting amendments.**

Provision of Employers' Liability Act, § 6a .(Complete Tex. St. 1920, art. 5246—47; Vernon's Ann. Civ. St. Supp. 1918, art. 5246—47), authorizing insurance association to sue third party liable for injuries of employé of subscriber, and to be partial beneficiary of such suit, is not an amendment of death injury statutes invalid under Const. art. 3, § 36, inhibiting revival or amendment of law by reference to its title, and requiring amended act to be re-enacted and published at length.

**7. Death ⊜⟶31(1)—Master and servant ⊜⟶ 389—Workmen's compensation insurer not prohibited by death injury statutes from suing third person liable for death.**

Insurance association authorized by Employers' Liability Act, § 6a (Complete Tex. 1920, art. 5246—47; Vernon's Ann. Civ. St. Supp. 1918, art. 5246—47), to sue third party liable for injuries of employé of subscriber is not precluded from bringing such suit because death injury statutes limit right of action for death to certain relatives of deceased; it being as much within power of Legislature to authorize such suit as to enact death injury statutes.

**8. Master and servant ⊜⟶389—Statutory provision for subrogation of compensation insurer applies both where injuries result in death and where they do not.**

Employers' Liability Act, § 6a (Complete Tex. St. 1920, art. 5246—47; Vernon's Ann. Civ. St. Supp. 1918, art. 5246—47), providing for subrogation of insurance association to rights of subscriber against third person liable for injuries of employé, applies to both cases of injury resulting in death and injuries not resulting in death.

**9. Statutes ⊜⟶143—Invalid amendment leaves old law unaffected.**

Invalid amendment leaves old law unaffected.

**10. Death ⊜⟶14(1) — Workmen's compensation insurer's action for death of employé held under first provision of death injury statute.**

Insurance association's action under Employers' Liability Act, § 6a (Complete Tex. St. 1920, art. 5246—47; Vernon's Ann. Civ. St. Supp. 1918, art. 5246—47), against third person liable for death of employé of subscriber as the proprietor, owner, charterer or hirer of a railroad and tracks, *held* an action under first rather than second section of death injury statute as amended (Vernon's Sayles' Ann. Civ. St. 1914, art. 4694).

**11. Constitutional law ⊜⟶208(6), 245—Death ⊜⟶9—Death injury statutes held not unconstitutional.**

Death injury statutes as amended (Vernon's Sayles' Ann. Civ. St. 1914, art. 4694), authorizing action for injuries resulting in death caused by neglect or carelessness of "proprietor, owner, charterer, or hirer of any railroad, steamboat, stagecoach or other vehicle for the conveyance of goods (or) passengers, etc.," *held* not an unreasonable nor arbitrary classification constituting class legislation, nor denial of equal protection of law.

**12. Limitation of actions ⊜⟶105(2)—Sustaining demurrer on ground of limitation to intervenor's petition adopting plaintiff's petition held erroneous.**

Where beneficiaries intervened in insurance association's action under Employers' Liability Act, § 6a (Complete Tex. St. 1920, art. 5246—47; Vernon's Ann. Civ. St. Supp. 1918, art. 5246—47), against tort-feasor liable for death of employé of subscriber, merely adopted and joined in prayer of plaintiff's petition, and where no exception involving statute of limitations was sustained to such petition, it was error to sustain special demurrers to intervenor's petition on ground of limitations.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by the Consolidated Underwriters against the Kirby Lumber Company, wherein beneficiaries of deceased employé intervened as parties plaintiff. Judgment for defendant was affirmed by the Court of Civil Appeals (250 S. W. 476), and plaintiff brings error. Reversed and remanded.

C. A. Lord, of Beaumont, for plaintiff in error.

G. E. Richardson, of Jasper, and Andrews, Streetman, Logue & Mobley, of Houston, for defendant in error.

STAYTON, J. Under the allegations of plaintiff's petition, Joe Singletary died January 4, 1920, as a result of injuries inflicted upon him, a month and four days previous to that date, by servants of the Kirby Lumber Company, while he was in the course of his employment in behalf of another corporation, under circumstances entitling him before his death, and his legal beneficiaries after his death, both to recover damages of the Kirby Lumber Company, and to receive compensation under the amended Employers' Liability Act, unless the law disallowed that both recourses might be had. His employer, it is alleged, was carrying insurance with plaintiff in error, Consolidated Underwriters, in accordance with that amendment, and, claim for compensation having been allowed to Singletary against this insurer, it accordingly made certain payments to him and, upon his death, continued periodical payments to the beneficiaries named in the statute.

It then brought this suit against the actual tort-feasor, Kirby Lumber Company, both in its own behalf and that of the beneficiaries, under the provisions of section 6a, part 2, of the amended act above referred to (Comp. St. art. 5246—47; Vernon's Ann. Civ. St. Supp. 1918, art. 5246—47). The beneficiaries intervened, joining in the insurer's amended petition in so far as it pertained to them.

The defendant, Kirby Lumber Company, entered a general demurrer to plaintiff's petition, and general and special demurrers, upon the ground of limitation, to the pleadings of the intervenors. The trial court sustained these demurrers, and the Court of Civil Appeals affirmed its judgment (250 S. W. 476), stating as reasons that the section of the law upon which plaintiff's suit was based is unconstitutional because it involves a subject not expressed in the title to the amended act, and is therefore within the prohibition of section 35, art. 3, of the Constitution,

---

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and that intervenors' suit was barred by limitation. The plaintiff's case will be considered first.

The judgment of the Court of Civil Appeals, as regards plaintiff, is considered to be erroneous unless sustained by one of several considerations that are presented by the defendant. The first of these involves the constitutional question above mentioned.

Before examining the wording of the title and of the particular section of the act which is relied upon by defendant, it will be useful to deduce from the most important decisions upon the question some familiar principles and points of law that fairly control it in so far as the present case is concerned.

The applicable portion of the cited section of the Constitution reads:

"No bill * * * shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

[1] It is well recognized that the purposes of this provision are to advise the Legislature and the people of the nature of each particular bill, so as· to prevent the insertion of obnoxious clauses which otherwise might be ingrafted on it and become the law, and to obviate legislation through the combination, upon a composite bill, of the votes of the proponents of different measures included in it, some of which would not pass upon their merits if separately considered. Stone v. Brown, 54 Tex. 342.

But it would be useless and impracticable for the title to express all of the provisions of a particular act and the details of each provision. For, in such a case, this introductory matter would amount to a mere repetition of the legislation itself, and would answer no purpose of abbreviated notice. On the other hand, to embody the various provisions in separate bills would, because of narrow bounds, interfere with the completeness and usefulness of each of them. Breen v. T. & P. R. R. Co., 44 Tex. 305.

[2, 3] As a result, doubtless, of these and other practical difficulties, while constitutional provisions regarding the expression of the subject-matter in the title of bills have always been held mandatory, still they have been interpreted liberally and substantially, and not strictly or literally. Murphey v. Menard, 11 Tex. 673; Austin v. G., C. & S. F. R. R. Co., 45 Tex. 267; Breen v. T. & P. R. R. Co., 44 Tex. 305; State v. Parker, 61 Tex. 267; Gunter v. Texas, etc., Co., 82 Tex. 496; 17 S. W. 840. For like reasons, though there are statements in Adams v. Water Co., 86 Tex. 487, 25 S. W. 605, to the contrary, it has been definitely decided that titles to bills are not subject to the maxim that the expression of one thing is the exclusion of an-

267 S.W.—45

other. Doeppenschmidt v. I. & G. N. R. R. Co., 100 Tex. 532, 101 S. W. 1080.

[4] Requirements as to the scope of titles have been applied in such manner as to obviate, as best may be, the evils and difficulties that have been mentioned. They have quite uniformly been taken to mean that, if the general and ultimate subject of a particular act as a whole is to be found within the wording of the title, the subject thus expressed, because giving reasonable notice of them, will serve to support provisions in the body of the act (among others not necessary to mention) that are components of the general subject; are reasonably implied by it because they have been connected with and appropriate to it in similar laws or by usage; are relevant and germane to it; are necessary for the attainment of it; are reasonably auxiliary to it: are complementary to it; or are reasonable incidents of it, or of its incidents as expressed in the title. Snyder v. Compton, 87 Tex. 377, 28 S. W. 1061; Austin v. G., C., & S. F. R. R. Co., 45 Tex. 267; Stone v. Brown, 54 Tex. 343; Breen v. T. & P. R. R. Co., 44 Tex. 305; Morris & Cummings v. State, 62 Tex. 741; Giddings v. San Antonio, 47 Tex. 553, 26 Am. Rep. 321; Doeppenschmidt v. I. & G. N. R. Co., 100 Tex. 534, 101 S. W. 1080; T. & N. O. R. R. Co. v. Parsons, 102 Tex. 157, 113 S. W. 914, 132 Am. St. Rep. 857; I. & G. N. R. Co. v. Smith Co., 54 Tex. 12; Davey v. Galveston County, 45 Tex. 298; State v. Parker, 61 Tex. 267; Murphey v. Menard, 11 Tex. 673; G., W. T. & P. Ry. Co. v. Fromme, 98 Tex. 460, 84 S. W. 1054; Borden v. Rice Co., 98 Tex. 508, 86 S. W. 11, 107 Am. St. Rep. 640.

On the other hand, it has been held, with equal uniformity, that particular provisions are not within a given title where no subject at all is expressed in the title; where the ultimate subject expressed and that provided for are plainly different; where the provisions are palpably ulterior or foreign to the title; where they are separate, distinct from, and not germane to the subject expressed; where by no intendment they possess a necessary or proper connection with it; where they are disconnected from it and inappropriate to it; or where the provisions come clearly within the evil to be suppressed. Adams v. Water Co., 86 Tex. 487, 25 S. W. 605; Byrnes v. Sampson, 74 Tex. 88, 11 S. W. 1073; I. & G. N. R. Co. v. Railroad Com., 99 Tex. 334, 89 S. W. 961; City of Fort Worth v. Rosen (Tex. Civ. App.) 203 S. W. 89; Rodgers v. Tobias (Tex. Civ. App.) 225 S. W. 804; M. K. & T. v. Mahaffey, 105 Tex. 394, 150 S. W. 883; National Surety Co. v. Murphy-Walker Co. (Tex. Civ. App.) 174 S. W. 1000; Morrill v. Smith Co., 89 Tex. 552, 36 S. W. 56, and many of the cases already cited.

[5] The title of the amended Employers' Liability Act, and the part of the body of

that act upon which the plaintiff's suit depends, may now be quoted and considered in the light of what has been said.

The title to the bill reads:

"An act to amend chapter 179 of the General Laws of the State of Texas passed at the regular session of the Thirty-Third Legislature, entitled: 'An act relating to employers' liability and providing for the compensation of certain employés, and their representatives and beneficiaries, for personal injuries sustained in the course of employment, and for deaths resulting from such injuries, and to provide and determine in what cases compensation shall be paid, and to make the payment thereof more certain and prompt by the creation of an insurance association to insure and guarantee such payments and of an industrial accident board for the investigation of claims and for the adjudication thereof for consenting parties, fixing the membership and powers of said board and its compensation and duties, and the method of its appointment, and the term of office of its members and fixing also the powers, duties and liabilities of said insurance association and the extent of control over same to be exercised by the commissioner of banking and insurance, and providing also for the insurance of payments of compensation to employés by certain other insurance companies and organizations, and declaring an emergency,' and declaring an emergency." Acts 35th Leg. c. 103.

The bill consists of some 88 sections, among which is the provision here in question, which reads:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person to recover damages or against the association for compensation under this act, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under the · provisions of this act; if compensation be claimed under this act by the injured employé or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employé, in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its own name and for the joint use and benefit of said employé, or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employé or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employé or his beneficiaries. * * * " Comp. St. art. 5246—47; Vernon's Ann. Civ. St. Supp. 1918, art. 5246—47.

Parenthetically, it may be noted that the word "association" whenever it occurs in the above quotation includes private insurance companies under Comp. Stat. art. 5246—84 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246 —84).

The subject of the original act, which became a law in 1913, as well as that of the amendment, which in 1917 was substituted for the original and bettered it in many ways, was "employers' liability." Within this subject were reasonably included, and in the title to both acts are expressly mentioned, its corollaries, the subsidiary subjects of "compensation of certain employés," etc., "for personal injuries sustained in the course of employment" and of "insurance" of such compensation.

The original law could have been considered defective, among other respects, in that there was nothing in it to prevent an employé, in case he were injured by a "third person," from receiving both compensation from the insurer and, in addition, full damages for the same injuries from the third person; whereas the insurer in such a case, although having become bound and finally paying the "compensation," was not subrogated in respect to the employé's rights against the actual tort-feasor. This situation was, in reason, imperfect; it served to bring to the employé more than his damages, which was, perhaps, not sound economy, and to make the insurance more burdensome to the insurer and hence more expensive to the employer and ultimately to the public than would have been the case had the amount recovered from the actual tort-feasor been applied first' to the repayment of the amount of the compensation, and then the balance to the employé, to make him whole.

It was doubtless to remedy these defects and supply this juster and more politic substitute that the particular section of the amendment that is now under investigation was passed. It was not to create a liability against the actual tort-feasor; for that already existed. It was doubtless merely to apply that responsibility in such a way as to make the law regulating "employers' liability" a better and completer law, by not overcompensating the "employé," and by reducing the burden of the "insurance" as to the insurer and its cost as to the "employer," and ultimately the public. That it was germane, incidental, auxiliary, and complementary, both to the ultimate subject of the amendment, as expressed in the title, and to each of the subsidiary subjects, that are likewise expressed, and that it did not constitute an element of unfairness, fraud, or surprise, either to the Legislature or the people, and cannot be viewed as a foreign, irrelevant, separate, or distinct subject, seems to be clear. If so, under the decisions cited, the article is not void by reason of section 35, art. 3, of the Constitution.

The title, moreover, mentions compensation to "beneficiaries" for "deaths" resulting

Tex.) CONSOLIDATED UNDERWRITERS v. KIRBY LUMBER CO. 707
(267 S.W.)

from employés' injuries, and these words, together with the expressions already mentioned, constitute, upon the grounds stated, a sufficient predicate for the parts of the amended act that allow the subrogation to be had in cases where, as in this case, an employé dies from his injuries after the award.

A further basis for the conclusion that has been reached is that provisions subrogating or indemnifying insurers, through recourse against outside tort-feasors, were, when the present amendment was passed, commonly to be found in bills pertaining to employés' compensation. Text-books show some 10 instances, including those of England, California, Massachusetts, New Jersey, and New York. 1 Honnold on Workmen's Compensation, pp. 154–166, 1005; Bradbury's Workmen's Compensation Law, pp. 1186–1192. Such a provision was therefore usual, and reasonably to be expected in a law upon such a subject. It is considered that the matter under investigation is within the title.

A second contention of defendant is that if this measure (section 6a, pt. 2, Comp. St. art. 5246—47) of the Employers' Liability Act be construed to permit the insurance company to be a party plaintiff in a death case, then section 36 of article 3 of the Constitution is violated.

The Constitution in that section inhibits the revival or amendment of a law "by reference to its title," and provides "that in such case the act revived or the section or sections amended shall be re-enacted and published at length."

As has been observed, the part of the amendment under investigation provides that if the injury for which compensation is payable under the act "was caused under circumstances creating a legal liability in some person other than a subscriber to pay damages in respect thereof," and if compensation be assumed under the act, then the insurer "shall be subrogated to the rights of the injured employé," and "may enforce" for the joint account, either in the name of the employé, his beneficiaries, or the insurer, "the liability of said other person. * * *" From definitions and other provisions of the act, already referred to, and presently again mentioned, it becomes plain that this subrogation and this right to recover on account of the legal liability of a stranger to the act is applicable, both to cases of injuries not resulting in death, and to cases of injuries resulting in death. The latter interpretation being here announced, the defendant avers that the amendment is void because it is such an amendment to the death injury statutes as is forbidden by this section 36 of article 3 of the Constitution.

The death injury statutes, it will be recalled, for many years have served to change the common-law rule by making a cause of action for injuries resulting in death survive the death of the injured person. They moreover require the consequent action to be brought for the sole benefit of certain relatives of deceased, and provide that it may be instituted by any one or more of them for the benefit of all. Comp. Stat. tit. 70 (Vernon's Sayles' Ann. Civ. St. 1914, tit. 70).

By reason of the fact that, in such a case, the cited section of the late amendment to the Employers' Liability Act authorizes an insurance association to bring the suit and to be partial beneficiary of it, the defendant takes the position that it is an invalid amendment of the death injury statutes, by reason of the section of the Constitution already cited.

[6] But the constitutional provision that is invoked does not apply to a case of this character. For here the Legislature does not purport expressly to amend any particular law; but, if it "amends" at all, does so by implication as to each of those laws of this state, whether statutory or otherwise, and whether applicable to living persons or the beneficiaries of dead persons, which, in any case, have the effect of imposing "legal liability" for injuries caused to any person who answers the description of an "employé" under the act by another person who, within its terms, is not a subscriber. And the Legislature, instead of attempting to reach this end by the prohibited, confusing, and here largely impossible, method of amending any one of these numerous laws "by reference to its title," produces in this instance a complete act which, in its own setting, is fully understandable, and does not create, but begins with and is conditioned upon, an already existing "legal liability"—from whatever one of these laws it may arise, and regardless of their nature—and operates without need of any reference whatever to them. These being the features of the statute, no infringement of section 36, art. 3, of the Constitution is present. Werner v. City of Galveston, 72 Tex. 28, 7 S. W. 726, 12 S. W. 159; Snyder v. Compton, 87 Tex. 378, 28 S. W. 1061; Quinlan v. H. & T. C. Ry. Co., 89 Tex. 370, 34 S. W. 738; Clark v. Finley, 93 Tex. 177, 54 S. W. 343, City of Oak Cliff v. State, 97 Tex. 387, 79 S. W. 1; Henderson v. City of Galveston, 102 Tex. 169, 114 S. W. 108; T. & P. v. Webb, 102 Tex. 212, 114 S. W. 1171; Dallas, etc., District v. Looney, 109 Tex. 331, 207 S. W. 310; Cooley's Constitutional Limitations (6th Ed.) p. 182.

[7] It is also said in support of the demurrer that the death injury statutes provide that the action shall be for the benefit alone of certain relatives of deceased, and authorize no person, excepting one or more of that class, to maintain it, and it is argued that the plaintiff insurance company is not within that class, and therefore cannot bring this suit. Whatever the rule might be in cases of contractual assignment or of

ordinary subrogation, it is clear that this present case is one of a statutory creation, designated "subrogation," which arises in behalf of the insurance company under this separate statute and which the Legislature had the same power to pass as it had to enact the death injury statutes in the first instance.

[8] The defendant further contends that the sustaining of the general demurrer was properly upheld, because the amendment authorizing subrogation does not apply to injuries resulting in death, nor to the rights of beneficiaries growing out of the death of an injured employé, which are the bases of the cause of action in this case. The contrary has already been stated and will now be explained.

From this standpoint, the amended section reads:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a subscriber to pay damages in respect thereof, the employé may · at his option" either sue such third person or claim compensation under the act, and if compensation be claimed against the insuring association by the injured employé or his legal beneficiaries, "then the association shall be subrogated to the rights of the injured employé * * * and may enforce in the name of the injured employé ·or of his legal beneficiaries or in its own name * * * the liability of said other person," for the joint use and benefit, in the manner indicated, of "said employé or beneficiaries and the association."

A definition of one of the phrases in this section, and resort to the scope of the amended act as to the injuries covered by it, must be had in order properly to understand the meaning of the law. Section 3c, pt. 4, of this act (Comp. Stat. art. 5246—88; Vernon's Ann. Civ. St. Supp. 1918, art. 5246—88) provides that:

"Any reference to any employé herein who has been injured shall, when the employé is dead, also include the legal beneficiaries, as that term is herein used, of such employé to whom compensation may be payable."

·The same section and other parts of the act demonstrate that, within its scope, are injuries resulting in death and consequent compensation to "legal beneficiaries." Acts 1917, c. 103, pt. 1, §§ 8, 9, 15, 16 (Comp. Stat. arts. 5246—14 to 5246—17, 5246—33, and other articles; Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—14 to 5246—17, 5246—33 et seq.). In view of these provisions, the act is considered to authorize subrogation to the rights of beneficiaries of an employé who has died from his injuries, as well as to the rights of an employé who survives his injuries, or who lives for a while and then dies from his injuries during the period of payment of compensation installments. ·

The defendant further asserts that the plaintiff's cause of action arises under the second section of the main death injury statute (R. S. art. 4694, as amended in 1913 [Acts 1913, p. 288; Vernon's Sayles' Ann. Civ. St. 1914, art. 4694]), and that, since a part of that section has been held unconstitutional, the whole of the amendment is inoperative, because what is left of it amounts to class legislation. Defendant says, therefore, that the article as it stood prior to 1913 is in force, and that, as it does not cover this case, the cause of action alleged here was ended with the death of Joe Singletary.

[9] The view, that if the amendment of 1913 is invalid the old law is not affected by it, is fully conceded. Waters-Pierce Oil Co. v. Texas, 177 U. S. 47, 20 S. Ct. 518, 44 L. Ed. 657; Miller v. State, 44 Tex. Cr. R. 99, 69 S. W. 522; People v. Mensching, 187 N. Y. 8, 79 N. E. 884, 10 L. R. A. (N. S.) 631; Acts 1913, R. S. 1911, art. 4694. But the contention that the cause of action arises under the second section of the amendment is thought to be incorrect.

[10] It is considered to arise, as alleged, under the first section. This first section in both laws is the same, and, in so far as it is applicable, authorizes action for damages for injuries resulting in death—

"when the death of any person is caused by the neglect or carelessness of the proprietor, owner, charterer or hirer of any railroad, steamboat, stagecoach or other vehicle for the conveyance of goods [or] passengers or by the unfitness, or neglect or carelessness of their servants or agents. * * * *"

As against the general demurrer, which was sustained to plaintiff's petition in this case, the allegations showed that defendant was sued as "the proprietor, charterer or hirer" of a "railroad and tracks" designed 'for the transportation of freight by means of locomotives and railroad cars, and that Joe Singletary was injured, so that he died, through the carelessness of its servants and agents who were operating one of the locomotives. Consequently, if defendant's attack be sustained, the first section of the former law would suffice to support plaintiff's cause of action, even though the amendment of 1913 should be held entirely invalid; opinion upon which latter point is manifestly not necessary.

[11] If the contention is intended to be made that this first section, as found in either of the laws, is class legislation, it may be readily dismissed by the observation that the provision represents a classification that, in the original act and its amendments, has existed for a period of exceeding 60 years, whereby all those who operate through customary arrangements the usual means for the carriage of goods or passengers are treated alike, and are made liable for the death of persons negligently killed in that kind of business, which is most frequently at-

tended by speedy, heavy, and dangerous vehicles, dangerous instrumentalities and equipment, and heavy loads, and is therefore calculated to jeopardize the lives of the people generally in an unusual and special degree. The classification cannot be said to be unreasonable or arbitrary, and no denial of the equal protection of the law is found in it. Tullis v. Lake, etc., R. R., 175 U. S. 350, 20 S. Ct. 136, 44 L. Ed. 192; Texas & P. Ry. Co. v. Matkin (Tex. Civ. App.) 142 S. W. 609; Id., 107 Tex. 125, 174 S. W. 1098.

The plaintiff's petition has been closely read. For the sake of brevity it will not be quoted. As said by the Court of Civil Appeals, it states a cause of action, unless the main constitutional attack of the defendant prevails. In view of this and of the opinion that the attack is not valid, it is concluded that the trial court erred in sustaining the general demurrer to plaintiff's petition, and that the Court of Civil Appeals erred in affirming its judgment in that respect.

[12] This being true, and the intervenors' petitions having the effect of merely adopting and joining in the prayer of the plaintiff's petition, and no exception involving the statute of limitation having been sustained to the latter, the trial court erred in sustaining special demurrers to the former upon the ground of limitation, and the Court of Civil Appeals erred in affirming its order in that respect.

We recommend that the judgments of the district court and of the Court of Civil Appeals be reversed and the cause remanded, for a new trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.