## C. HAYMAN CONSTRUCTION COMPANY et al., Appellants,

v.

## AMERICAN INDEMNITY COMPANY, a Texas Corporation, et al., Appellees.

No. 17594.

Court of Civil Appeals of Texas, Dallas.

April 23, 1971.

Rehearing Denied Oct. 29, 1971.

See also Tex., 471 S.W.2d 564.

John Plath Green, Green, Gilmore, Crutcher & Rothpletz, Dallas, for appellants.

James A. Kilgore, Kilgore & Kilgore, Dallas, for appellees.

GUITTARD, Justice.

This appeal from an order sustaining pleas of privilege turns on the question of whether the provisions of Tex.Ins.Code Ann. Art. 7.01, V.A.T.S., concerning venue of suits against private contractors, are unconstitutional because not germane to the subject expressed in the legislative title.

Plaintiffs C. Hayman Construction Company and London Construction Company are residents of Dallas County, where the suit was filed. All defendants are residents of other Texas counties. The petition alleges that plaintiffs were subcontractors on a construction job in Grayson County with defendant Investments of Sher-Den, Inc. as prime contractor, and that they had similar subcontracts with defendant Pala, Inc. for a job in Lamar County and with defendant Rowton Construction Company for a third job in Hunt County. Plaintiffs allege failure of the prime contractors to make payments as required by the subcontracts, and seek judgment against the prime contractors and against American Indemnity Company, the surety on the three payment bonds. Damages are also claimed against the prime contractors for loss of profits resulting from breach of contract. The petition further alleges that the individual defendants

G. C. Butler and others, were shareholders and officers of the prime contractors, and that they conspired with each other to prevent, and did prevent, plaintiffs from performing their subcontracts. Both actual and exemplary damages are sought against defendant prime contractors and the individual defendants.

All defendants filed pleas of privilege in the usual form, praying that the suit be transferred to the counties of their respective residences. Plaintiffs filed controverting pleas alleging that venue of the defendant surety lay in Dallas County under subdivision 23 of Vernon's Ann.Tex.Rev. Civ.Stat. Art. 1995 (1964) because plaintiffs were residents of Dallas County and defendant surety had an agency in that county. The controverting plea asserts venue of the other defendants in Dallas County under subdivision 29a of Article 1995 on the ground that they are necessary parties to the action against the surety.

Ten days before the venue hearing, the corporate defendants filed a pleading designated "Amendment to Pleas of Privilege" in which they alleged that the payment bonds upon which the suit was brought had been filed in the three counties, respectively, where the work was to be done, and that Tex.Ins.Code Ann. Art. 7.01 (1963), provides mandatory venue in the counties where the bonds are filed. Plaintiffs moved to strike the amendment, but the trial court allowed it and permitted plaintiffs to amend their controverting pleas. After hearing evidence, the trial court held that the venue provisions of Article 7.01 were applicable and mandatory, sustained the amended pleas of privilege, severed the litigation into three suits and transferred such suits to the counties in which the payment bonds were filed.

The corporate defendants concede that they have abandoned their original pleas of privilege to be sued in the counties of their residence. They now seek to uphold the ruling below on the sole ground that Article 7.01 provides mandatory venue in the counties where the bonds were filed. Plaintiffs contend that Article 7.01 cannot be applied here because its provisions concerning suits on private bonds are not germane to the title under which it was enacted and to that extent are invalid under Tex.Const. Art. III, § 35, Vernon's Ann. St.:

"No bill * * * shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not· be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

Article 7.01 was enacted as Chapter 39, Acts of 56th Legislature, 2nd Called Session (1959), page 159, under the following title:

"An Act to amend the Insurance Code to include a new Chapter 7 so as to provide that all public officers of this State and all Executors, Administrators, Guardians, Receivers, and Trustees appointed by any court, whose bonds have been executed by a corporate surety, shall be subject to suit in the proper court of the county wherein said bond is filed; and declaring an emergency."

The questioned provisions are those italicized in the following quotation from the body of the act:

"If any suit shall be instituted upon any bond or obligation of any insurance company licensed in this State and having authority to act as surety and guarantor of the fidelity of employees, trustees, executors, administrators, guardians or others appointed to, or assuming the performance of any trust, public or private, under appointment of any court or tribunal, *or under contract between private individuals or corporations*, or upon any bond or bonds that may be required to be filed in any judicial proceedings, *or to guarantee any contract or undertaking between individuals, or between private corporations*, or between individuals or

private corporations and the State and municipal corporations or counties or between corporations and individuals, or on any bond or bonds that may be required of any state official, district official, county official or official of any school district or of any municipality, the proper court of the county wherein said bond is filed shall have jurisdiction of said cause." (Italics added.)

The object of the constitutional requirement that the subject of a bill be expressed in the title is to facilitate and protect the legislative process by affording legislators and other interested persons a ready and reasonably accurate means of knowing of the contents of bills without having to read the full text. Shannon v. Rogers, 159 Tex. 29, 314 S.W.2d 810 (1958). "The purpose of the constitutional requirement is to give notice through the title of the bill, not only to members of the legislature, but to the citizens at large, of the subject-matter of the projected law; and thereby to prevent the surreptitious passage of a law upon one subject under the guise of a title which expresses another." Adams v. San Angelo Waterworks Co., 86 Tex. 485, 25 S.W. 605 (1894); Gulf Insurance Co. v. James, 143 Tex. 424, 185 S.W.2d 966 (1945); Fletcher v. State, 439 S.W.2d 656 (Tex.Sup.1969).

■ The test of sufficiency of a legislative title is whether it gives reasonable notice of the contents of the bill to an average legislator or interested citizen. If such a person interested in legislation on a particular subject would be prompted by the title to examine the body of the bill for provisions relating to that subject, then the title is sufficient, but if he would be likely to get the impression that further reading is unnecessary because the bill does not relate to that subject, then the bill, if enacted, is unconstitutional to the extent that it deals with that subject. Board of Water Engineers v. City of San Antonio, 155 Tex. 111, 283 S.W.2d 722 (1955).

■ Application of this test to Article 7.01 establishes that its title is insufficient to cover the provisions concerning venue of suits on private bonds. The title specifies certain classes of persons who shall be subject to suit in the counties where their bonds are filed: "all public officers of this State and all Executors, Administrators, Guardians, Receivers, and Trustees appointed by any court, whose bonds have been executed by a corporate surety." The title contains no general language broad enough to cover suits on private bonds and neither does it give any hint that the act applies to any class of persons other than those specified. Careful scrutiny of the text is necessary to discover the provisions applicable to private contractors. A legislator or other interested citizen concerned about venue of actions against private contractors would not be prompted by this title to read further. On the contrary, he would be justified in assuming that the act does not relate to that subject. This title is a clear example of the kind of misleading title that Section 35 of Article III was designed to prevent.

Defendants argue that the mere failure of the title to mention suits on bonds of private contractors does not make the act unconstitutional, and that it is necessary to show that the questioned provisions are so remote from the subject expressed in the title as to amount to a fraud on the legislature and the public. They insist that it would be intolerable to require the title to be as detailed as the body of the bill and that it is only necessary that all provisions of the bill relate to the same general subject as that expressed in the title. They point out that bonds of private contractors under the Hardeman Act, Tex.Rev.Civ. Stat.Ann. Art. 5472d, § 2 (Supp.1970), like bonds of public officials and court fiduciaries, are required by law to be filed in the county where the work is done, and say that suits on such private bonds have so many of the same characteristics as suits on bonds of public officials and court fiduciaries that they should be held to belong to the same general class. Conse-

quently, defendants argue, suits on such private bonds are not so remote from the class of suits mentioned in the title as to indicate fraud on the legislature and the public.

■ In this connection defendants rely on the following language from the opinion of the Supreme Court in Central Education Agency v. Independent School District of City of El Paso, 152 Tex. 56, 254 S.W.2d 357, 362 (1953):

> "It is not required that the caption set forth a full index to all the contents of the law or set forth the full details of the bill. 39 Tex.Jur. 97, Sec. 45. It is sufficient if the provisions of the statute relate, directly or indirectly, to the same subject, have a mutual connection, and are not foreign to the subject expressed in the title."

Further examination of that opinion shows that the statutory provision there under attack was sustained as "designed or tending to accomplish, effectuate or enforce the general object or purpose of the law." A test turning on whether the questioned provision is "related" or "remote" may be appropriate where the problem is whether such provision tends to accomplish the general purpose expressed in the title, but it gives little help in determining the sufficiency of a title like that involved here, which mentions several specific classes of persons and omits other co-ordinate classes dealt with in the body of the act. A person reading a title expressing a general purpose may have reason to examine the body for specific provisions designed to accomplish that purpose but would not have the same reason to examine the body to determine whether it applies to coordinate classes not mentioned in the title. A title mentioning certain specific subjects is not sufficient to cover specific subjects not mentioned, even though such other subjects may be similar to those mentioned, since it is likely to give the erroneous impression that the subjects not mentioned are not

covered. Adams v. San Angelo Waterworks Co., 86 Tex. 485, 25 S.W. 605 (1894); Gulf Insurance Co. v. James, 143 Tex. 424, 185 S.W.2d 966 (1945).

■ Defendants recite a history of the legislation on this subject and undertake to show that the legislature was not actually misled by this title. They argue that the legislature must have known that it was merely re-enacting the provisions of former Article 7.07 of the Insurance Code, which had been repealed two years before.* This argument can have no weight because what the members of the legislature actually knew when the act was passed is immaterial. The question is whether the act complies with the constitutional requirement that the subject be expressed in the title. This title gives no indication that former Article 7.07 was reenacted. It recites merely "An Act to amend the Insurance Code to include a new Chapter 7," etc. Anyone familiar with the provisions of former Article 7.07 would be likely to get the impression from reading this title that this bill was not as broad as former Article 7.07, since it apparently covered only suits against public officials and court fiduciaries. Thus the history of former Article 7.07 can have no bearing on the question.

We hold that the provisions of Article 7.01 which attempt to fix venue of suits on private bonds are unconstitutional. Therefore, we sustain appellants' second point and render judgment overruling the amended pleas of privilege of the corporate defendants. This holding renders appellants' other points immaterial.

In their original brief appellants say that they are appealing from the action of the trial court "in sustaining inferentially seven Pleas of Privilege of individual Appellees to be sued in the counties of their respective residences." Since there is no point of error in the brief complaining of sustaining these pleas, we requested additional briefs, which the parties have now presented. In their supplemental briefs ap-

---

* Acts 55th Leg., Ch. 388, p. 1162.

pellants insist that the trial court neither sustained nor overruled these pleas, but considered them abandoned and no longer before it for disposition, since the entire case was severed and transferred to three different counties under Article 7.01, which was regarded as mandatory. Appellees agree that the pleas of the individual defendants were not sustained by the trial court. In view of our reversal of the order sustaining the pleas of the corporate defendants, the pleas of the individual defendants remain to be disposed of. Under Texas Rules of Civil Procedure, rule 434 it is our duty upon reversal to "render such judgment or decree as the court below should have rendered" unless there is some matter of fact to be determined. Neither party suggests that there is any reason for further testimony. Consequently we have undertaken to dispose of all pleas of privilege on this appeal.

Plaintiffs say that the individual defendants have waived their pleas of privilege by their stipulation that the cause may be transferred to the counties where the bonds were filed. The language of the stipulation is clear that the waiver is conditioned upon sustaining the corporate defendants' amended pleas of privilege under Article 7.01, and does not apply if those pleas are overruled, as we now hold they should be.

In determining the pleas of the individual defendants, we must analyze plaintiffs' pleading. The petition states three distinct causes of action: (1) a claim against the prime contractors and the surety on the Hardeman Act bonds for payments due on the subcontracts; (2) a claim against the prime contractors for damages for lost profits resulting from breach of the subcontracts; (3) a claim against the individual defendants for conspiring to prevent the plaintiffs from performing the subcontracts. The individual defendants are not named in the first two claims, and the third claim is brought against the individual defendants only. The petition alleges that the individual defendants are "principal shareholders and/or officers exercising control over and determining corporate policy and activities of" the corporate prime contractors. The allegation of conspiracy is as follows:

"That beginning during the month of August, 1969, or prior thereto, the exact time being known to Defendants and not to the Plaintiffs, Defendants G. C. Butler, Homer R. Caston, Jr., Kenneth Rowton, F. R. Banfield, Virgil Williams, John T. Snodgrass and J. E. Andrews initiated a series of meetings and conversations among one another or collectively with the intent to conspire privately to devise a method of preventing the Plaintiffs from performing their duties under the contracts above described, such planning and such conspiracy did make it impossible for the Plaintiffs to perform under the terms of the contract all to the Plaintiffs' further damage; that such conspiracy was willful, wrongful, malicious and wanton and in total disregard of Plaintiffs' rights."

This allegation is so general that we have difficulty in determining its effect on this venue appeal. The petition does not allege that anyone other than the individual defendants conspired, nor does it allege that the nature of the conspiracy was to cause the corporate prime contractors to breach their subcontracts with plaintiffs, although these allegations are made in plaintiffs' controverting pleas.

Plaintiffs contend that venue has been established against the surety by pleading and proof that plaintiffs resided in Dallas County when the cause of action arose and that the defendant surety has an agency or representative in that county within subdivision 23 of Tex.Rev.Civ.Stat.Ann. Art. 1995 (1964). They argue that all of the other defendants are necessary parties to the suit against the surety within subdivision 29a of Article 1995. Subdivision 29a is as follows:

"Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such

defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

This subdivision applies only when none of the defendants is a resident of the county of suit but venue is established with respect to one of the defendants under some other subdivision of Article 1995. Other nonresident defendants are "necessary parties" only if their presence is necessary for plaintiff to obtain the complete relief to which he is entitled as against the defendant whose suability in that county has been established, and joint tortfeasors are not "necessary parties" in that sense because complete relief by way of recovery of damages may be had against any tortfeasor alone, without joinder of other tortfeasors. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774 (1944); Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900 (1942); 1 McDonald, Texas Civil Practice, § 4.36, p. 544.

Plaintiffs contend that the corporate contractor defendants, being principals on the Hardeman Act bonds, are necessary parties to the suit against the surety. To this extent plaintiffs are correct. Ramey & Mathis v. Pitts, 149 Tex. 214, 230 S.W. 2d 211 (1950). It does not follow, however, that the individual defendants are also necessary parties to the suit against the surety. Since the individual defendants, though officers and stockholders of the corporate principal, are not alleged to be parties in their individual capacities either to the bonds or to the subcontracts, and no contractual liability is asserted against them in the petition, plaintiffs' claim against them is solely in tort for conspiracy. No reason is suggested why complete relief on the contract claims cannot be granted to plaintiffs against the corporate principals and the surety without joining the individual defendants. Consequently, the individual defendants are not "necessary parties" within subdivision 29a.

Plaintiffs argue that it is necessary to join the individual defendants in this action in order to avoid the necessity of proving the same facts in several different suits. The only authorities cited in support of this contention are cases dealing with subdivision 4, of Article 1995, which permits joinder of nonresident defendants when the cause of action is established against a resident defendant. Although avoidance of a multiplicity of suits is a controlling consideration in determinng whether a nonresident defendant may be joined in a suit against a resident defendant under subdivision 4, as held in Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936), it is not the proper test of "necessary parties" under subdivision 29a. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774 (1944). Moreover, the fact that the liability of the corporation may be based on acts of officers or agents, who may also be personally liable in tort for those acts, does not make them necessary parties to an action against the corporation, whether the claim against the corporation be in contract or in tort. Dr. Salsbury's Laboratories v. Bell, 386 S. W.2d 341 (Tex.Civ.App., Dallas 1964, writ dism'd); Texas Tank, Inc. v. General Tank & Equipment Co., 390 S.W.2d 409 (Tex.Civ.App., Texarkana 1965, no writ).

Since we hold that the individual defendants are not necessary parties to the suit against defendant American Indemnity Company, their pleas of privilege are sustained, and the conspiracy action against them is severed from the contract action against the corporate defendants. The only question remaining is whether the entire conspiracy action should be transferred to one county, or whether it should be severed further and transferred to the counties of the residence of the individual defendants. The rule concerning the order to be made when the plea of privilege of one of several defendants is sustained was laid down by Justice Alexander in Johnson v. First Nat. Bank, 42 S.W.2d 870 (Tex. Civ.App., Waco 1931, no writ), as follows:

"* * * where one of several defendants files a plea of privilege to be sued in the county of his residence, and the plea is sustained if the cause of ac-

tion is a joint action growing out of joint liability of all the defendants, the suit must be transferred as an entirety to the county of the residence of the defendant whose plea is sustained. On the other hand, if the cause of action against the several defendants is severable, or joint and several, the court should retain jurisdiction over the action in so far as it concerns the defendants whose pleas of privilege have not been sustained, and should transfer the suit in so far as it concerns the defendant whose plea is sustained."

▬ This statement was expressly approved by the Supreme Court in Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65 (1942). The same rule as to severability has been applied when none of the defendants reside in the county of suit. If the petition alleges joint liability it has been held that the entire action must be transferred to the county of the residence of one of the defendants, to be selected by plaintiffs. Peavy v. Ward, 352 S.W.2d 882 (Tex.Civ.App., Texarkana 1962, writ dism'd); Burgess v. Adams, 273 S.W. 343 (Tex.Civ.App., Galveston 1925, no writ); 1 McDonald, Texas Civil Practice, § 4.57, p. 620 (1965). On the other hand, if the petition alleges joint and several liability, as in a claim against joint tortfeasors, the action against each defendant whose plea is sustained must be severed and transferred to the county of his residence. Stegall v. Lytle, 360 S.W.2d 898 (Tex.Civ. App., San Antonio 1962, no writ); Solis v. Magnolia Petroleum Co., 307 S.W.2d 281 (Tex.Civ.App., Waco 1957, no writ); Kelley v. Central Texas Bus Lines, 252 S.W. 2d 62 (Tex.Civ.App., Waco 1952, no writ); McDonald, op.cit., p. 621. Accordingly, we must determine whether the liability alleged against the individual defendants is joint or joint and several. The essence of the claim alleged in the petition is conspiracy, and the liability of conspirators, like that of other joint tortfeasors, is joint and several in the sense that it may be maintained against one or more without joining all. Scott v. Saunders, 290 F. 30 (6th Cir.

1923); Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 86 A.2d 201, 234 (1951); Brown v. Brown, 338 Mich. 492, 61 N.W.2d 656 (1953); 15A C.J.S. Conspiracy § 23, p. 668. Consequently, the claims against each individual defendant must be severed and transferred to the county of his residence.

We recognize the problems involved in splitting the action into four separate suits in as many counties, but at this stage no other result would comply with Article 1995. Under subdivision 4 of that article plaintiffs might have filed and maintained the action against all defendants in the county of residence of any of them, but they did not do so, and this court cannot do it for them on this appeal. Stegall v. Lytle, 360 S.W.2d 898 (Tex.Civ.App., San Antonio 1962, no writ).

The order of the trial court is reversed; the pleas of privilege of all the corporate defendants are overruled; the pleas of all the individual defendants are sustained, and the claims against the individual defendants residing in each county are severed and transferred to such county.