March 1, 1939

Honorable W. Lee O'Daniel
Governor of the State of Texas
Austin, Texas

Dear Governor O'Daniel:            Opinion No. 0-351
                                    Re: H.B. No. 209 held invalid
                                    because of insufficiency of
                                    its caption

        This is in answer to your letter of February 14, 1939,
which reads as follows:

        "I am referring to you H.B. No. 209, re-
        lating to common school districts, and desire
        to ask the following questions:

        "In the caption of this Bill its provis-
        ions are restricted to certain school districts
        while the Bill itself seems more general and,
        it appears to me, may apply to all school dis-
        tricts.

        "Will you please advise me whether or not
        the caption is sufficient to limit the provis-
        ions of the Bill to the specific school dis-
        tricts therein described."

        You attached to this letter a copy of H.B. No. 209.
That part of the caption of the Bill in which we are interested
reads as follows:

        "AN ACT to validate, ratify, approve, con-
        firm and declare enforceable all levies and as-
        sessments of ad valorem taxes heretofore made by
        county line independent school districts, part-
        ly situated in three or more counties, the super-
        vision of said school being located in counties
        having a population not less than 17,000 nor more
        than 17,500,* * *"

However, the body of the Bill applies to all independent school districts in counties having a population of from 17,000 to 17,500, and does not limit its application to county line independent school districts as defined in the caption. That part of the body of the Bill with which we are concerned reads as follows:

"That all levies and assessments of ad valorem taxes heretofore made by the governing body of any independent school district in this State, in counties having a population of not less than seventeen thousand (17,000) and not more than seventeen thousand five hundred (17,500), according to the last preceding Federal Census, not in excess of the limit now provided by law, which are void or unenforceable because such levies were made and adopted by resolution, motion or other informal action, instead of having been made by order, as required by the Statutes of this State; * * * are each and all hereby validated, ratified, approved, confirmed, and declared enforceable, * * * "

Whether or not this caption is sufficient is governed by Article III, Section 35, of the Constitution of Texas, which reads as follows:

"No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

The attitude of the courts of this State in regard to Bills providing for more than is expressed in the caption is well stated in the case of Ex parte Heartsill (Tex. Crim. App.) 38 S.W. (2d) 803, as follows:

"All laws passed by the Legislature of this state originate in bills, upon each of which must appear a caption or title, and section 35, art. 3, of our Constitution forbids that any bill, with certain exceptions, shall contain more than one subject, which shall be expressed in its title. It has been held by the courts that when the express verbiage of such title limits and restricts the

purpose of the bill, any attempt to legislate
otherwise in such bill variant from the pur-
pose prescribed, is in excess of the legisla-
tive power, and that a law subject to this
complaint is unconstitutional."

The purpose of this constitutional provision is expressed
in 39 Tex. Jur. 77, as follows:

"It is intended to secure notice to the
legislators and the people, through such pub-
lication of legislative proceedings as is
usually made, of the subject, nature or con-
tents of each particular bill, thus avoiding
deception, misapprehension and surprise in
legislation and giving those who are inter-
ested in a subject under consideration an op-
portunity to be heard thereon, if they so de-
sire."

The Bill we have under consideration applies to all school
districts of this size, but the caption limits the bill to county
line districts. The caption would not, at the time the bill was
pending in the Legislature, have given notice "to the legislators
and the people * * * of the * * * contents" of the Bill, or given
those who were interested "an opportunity to be heard thereon", be-
cause those who lived in school districts that were not on county
lines could not tell by reading the caption that the Bill applied
to their districts.

In the cases of Giddings vs. San Antonio, 47 Tex. 548;
Adams vs. San Angelo Water Works Co., 86 Tex. 485, 25 S.W. 605; and
Archey vs. State, 123 Tex. Crim. App. 458, 59 S.W. (2d) 406, as well
as in some other cases, the caption of the act involved was not suf-
ficient to cover the entire body of the bill, and the court held
that the bill was void only as to that part not embraced in the
caption; but in those cases the part not embraced in the caption
was in separate sections and paragraphs, and, as said in the Archey
case, it was "easily separable from the other matters and things
named in the title", and when it was stricken out the bill was
still complete and intelligible.

In the bill we have under consideration, the part not
covered by the caption is not "easily separable from the other mat-
ters and things named in the title". In fact, it would be imposs-
ible to strike out that part of the bill applying to districts not
on county lines and leave a bill that only applied to county line
districts. Therefore, the entire act will have to be held void
for the reasons stated in 25 R.C.L. 840, as follows:

"If an act is broader than its title and
the subject or objects not covered by the title
are so intimately connected with the one indi-
cated by the title that the portion of the act
relating to them cannot be rejected and leave a
complete and sensible enactment which is cap-
able of being executed, the entire act must be
held invalid; * * *"

The bill that we have under consideration is similar to
the one that was considered in the case of Sutherland vs. Board of
Trustees (Tex. Ct. Civ. App.) 261 S.W. 489. In that case the body
of the bill created a new school district, including parts of the
Agua Dulce district and the Number 4 district, but the caption of
the bill, which attempted to describe the territory covered by the
new district, did not include the Agua Dulce and Number 4 parts,
and the court refused to allow the rest of the district to stand,
and said:

"We conclude that tested by this rule no
part of the act is enforceable for any purpose,
after the provisions incorporating parts of
Agua Dulce and No. 4 districts into the proposed
districts are excluded, as they must be."

In the case of Texas-Louisiana Power Co. vs. City of Far-
mersville (Tex. Comm. App.) 67 S.W. (2d) 235, in an opinion by Judge
Sharp, it was held that an act which increased the number of cities
with the right to regulate utility rates, and also changed the scale
of rates that could be charged, was invalid in its entirety because
the caption did not refer to the changed scale of rates, and the
court held that the provisions of the act were so interwoven that
it could not let the other parts of the act stand; and in this con-
nection it said:

"The established rule applicable here as
reflected by the decisions of the various courts
is correctly stated in Lewis' Sutherland, Stat-
utory Construction (2d Ed.) vol. 1, sec. 306, as
follows: 'If, by striking out a void exception,
proviso or other restrictive clause, the remain-
der, by reason of its generality, will have a
broader scope as to subject or territory, its op-
eration is not in accord with the legislative in-
tent, and the whole would be affected and made
void by the invalidity of such part'".

Our answer to your questions is that it is our opinion
that because of the insufficiency of its caption this Bill you have

Governor W. Lee O'Daniel, March 1, 1939, Page 5

referred to us, H.B. No. 209, is entirely void and invalid.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Rotsch_

Cecil C. Rotsch
Assistant

CCR:FG

APPROVED:

ATTORNEY GENERAL OF TEXAS