Stewart C. JOHNSON, Appellant,

v.

Herbert E. WALKER, Jr., Appellee.

No. 7531.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 5, 1963.

Rehearing Denied Nov. 26, 1963.

---

John Heyburn, Strong, Baker & Heyburn, Houston, for appellant.

Robert H. Walls, Barrow, Bland, Rehmet & Singleton, Houston, for appellee.

DAVIS, Justice.

A venue case. Appellee sued J. B. Craddock, Jr., Stewart C. Johnson and Herrin Transfer and Warehouse Company, a Texas corporation, seeking to recover from them, jointly and severally, for a violation of a written contract and an amendment thereto. Johnson filed a plea of privilege. The plea of privilege was controverted, and was overruled. Johnson has perfected his appeal and brings forward four points of error.

By his points one and two, appellant contends the trial court erred because Subdivisions 4 and 5 of Art. 1995, Vernon's Ann. Tex.Civ.St., are not applicable. On December 29, 1958, C. G. Herrin, et al., as Sellers, entered into a contract with Craddock and Johnson, as Purchasers, to sell to them ten shares of stock in the Herrin Transfer and Warehouse Company. The contract was to be performed and all payments were to be made in Harris County, Texas. On June 1, 1959, a contract was entered into between Craddock, et ux., and Johnson, et ux., as Sellers, to Herbert E. Walker, Jr., et ux., as Purchasers, for two shares of stock in the Herrin Transfer and Warehouse Company. The contract was amended on March 14, 1961. The first contract between Herrin, et al., as Sellers, and Craddock, et al., as Purchasers, was incorporated in and made a part of the second contract and the amendment. At the hearing on the plea of privilege, the appellee proved a cause of action. The corporate defendant was a resident and had its place of business situated in Houston, Harris County, Texas. Subdivisions 4 and 5, Art. 1995, provided, in part, as follows:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:
* * * * * *

"4. Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

This suit comes within the exceptions provided by Subdivisions 4 and 5 of Art. 1995, R.C.S. 43B T.J. 118, Sec. 9; Bayou Drilling Co. of Texas, Inc. et al. v. Baillio, Tex. Civ.App., 312 S.W.2d 705, W.R., N.R.E.; James et al. v. Drye et al., 159 Tex. 321, 320 S.W.2d 319; Bayou Properties Co. v. Gobble et al., Tex.Civ.App., 347 S.W.2d 314, N.W.H. See authorities cited under Subdivisions 4 and 5 of Art. 1995, R.C.S. Points one and two are overruled.

Appellant's points three and four are without any merit and they are overruled.

The judgment of the trial court is affirmed.