**TEXAS TANK, INC., Appellant,**

v.

**GENERAL TANK & EQUIPMENT CO. et al., Appellees.**

**No. 7661.**

Court of Civil Appeals of Texas.

Texarkana.

April 27, 1965.

Rehearing Denied May 18, 1965.

Haskell H. Cooper, John P. McDowell, Dallas, for appellant.

Morriss, Morriss, Boatwright & Lewis, Clarence Boatwright, San Antonio, for appellees.

CHADICK, Chief Justice.

This is a venue case. The order of the trial court sustaining the plea of privilege of General Tank & Equipment Company is reversed and rendered but the judgment is otherwise affirmed.

It was alleged and proven in the trial court that Texas Tank Inc., domiciled in Dallas County, Texas, consigned and delivered certain fuel tanks to General Tank & Equipment Co., a corporation domiciled in Bexar County, Texas, under the terms of a written contract. The consignment contract required General Tank to pay a stipulated price for each tank when it was sold; "sale" being defined in the instrument so as to include General Tank's conversion, or attempted conversion, of a tank. General Tank sold or otherwise disposed of the tanks described in Texas Tank's petition

and failed to pay for them when Texas Tank demanded payment.

Proof was made that defendants Earl T. Prade and Fletcher Rabb were the principal stockholders and informally directed General Tank & Equipment Company's vice president and general manager, Charles S. Hays, in the disbursement of corporate funds. The directions are described as informal because no proof was offered of orders in this respect emanating from the Board of Directors of the corporation. It appears that Hays was given latitude and discretion in the corporation's other business affairs commensurate with his managerial title.

The evidence warrants a conclusion that for an indeterminate time preceding March, 1961, General Tank had experienced difficulties in meeting its commitments, arising out of the sale of the tanks held under consignment from Texas Tank. Beginning shortly after March, 1961, the proceeds from the sale of the consigned tanks were placed in a special account and remittances from the account made to Texas Tank at intervals. This practice was followed for an undisclosed length of time. Later the general manager under instructions from Prade and Rabb used money from this special account to pay suppliers, salaries, and other corporate expense.

When General Tank failed to settle the account suit was filed in Dallas County naming as defendants General Tank & Equipment Co., Prade, Rabb, and Hays. Each defendant separately filed a plea of privilege. General Tank asked the case be transferred to Bexar County. Prade asked it be removed to Real, the County of his residence. Rabb that it be removed to Uvalde County, his residence. Hays to Bexar County, his residence, though Hays later waived his plea and agreed to suit in Dallas County, and is not a party to this appeal. The pleas of privilege were controverted, Texas Tank claiming an option to prosecute the suit in Dallas County under the provisions of Subdivisions 5, 23, and 29a, Art. 1995, Vernon's Ann.Civ.St.

■ The written consignment contract, heretofore mentioned, obligated General Tank to pay Texas Tank for the consigned tanks in Dallas County, Texas. Subdivision 5, Art. 1995 provides that a suit to enforce the provisions of a written contract may be brought in the county where the contract expressly provides the obligation is to be performed. This court must reverse the order of the trial court as it pertains to General Tank & Equipment Co., and render judgment overruling the corporation's plea of privilege. 1 Texas Civil Practice (McDonald), Sec. 4.11 cases listed in footnote 23.

■ Subdivision 23, Art. 1995 authorizes suit against a private corporation in the county where a cause of action against it, or part thereof, arose. The evidence that the contract was breached by failing to pay at Dallas, Texas, supports venue of this action against General Tank under Subdivision 23. Subdivision 29a, Art. 1995 provides that in cases where there are two or more defendants and venue of the suit may be maintained as to one defendant in a particular county under any subdivision of Art. 1995, the suit may be maintained in the same county against all other necessary parties to the suit; provided they are necessary parties to the particular phase of the action that confers venue as an exception to the general rule. City of Gilmer v. State, 281 S.W.2d 109 (Tex.Civ.App.1955, no writ).

The appellant asserts that Prade and Rabb are necessary parties * to Texas Tank Inc.'s suit against General Tank to enforce the terms of the written consignment contract, though they are not mentioned therein as parties to the contract and do not appear as signatories to the instrument in any capacity. It is theorized that Prade and

---

* The term "necessary parties" is used throughout this opinion in the sense of "indispensable parties". See 1 Texas Civil Practice (McDonald) p. 217, Sec. 316.

Rabb's conduct, as directors of the corporation, in authorizing General Tank's manager Hays to pay corporate business expense out of the special fund set up to service the Texas Tank account made them liable in the same way and to the same extent that they would have been had they been actual parties to the contract. The theory treats such funds as money held in trust, and regards the diversion of the funds to pay General Tank's corporate expense as a breach of trust. These facts and conclusions, it is argued, had the legal effect of making Prade and Rabb parties to the contract, and binding them to its terms as individuals. Dollar v. Lockney 164 S.W. 1076 (Tex.Civ.App.1914, no writ); Conrick v. Houston Civic Opera Ass'n, 99 S.W.2d 382 (Tex.Civ.App.1936, no writ); and Subdivision B, Art. 2.41, Texas Business Corporation Act, V.A.T.S., are the authority offered to support the proposition.

As the law and evidence pertinent to the pleadings and proof is understood, Texas Tank's theory is not sustained. The evidence in its most favorable aspect can only be regarded as tending to show a conversion by General Tank, Prade and Rabb of tanks or funds held in trust for Texas Tank. The venue of a suit for conversions is controlled by Subdivision 9, Art. 1995. 1 Texas Civil Practice, p. 359, Sec. 4.17 (II) Trespass. In this instance Bexar County appears to be the location of the conversion, if the fact is proven at all. In any event, the conversion was not shown to have occurred in Dallas County. Venue of the conversion suit would be other than Dallas County. Conversion, 14 Tex.Juris. (2) p. 43, Sec. 43, and case there collected.

Relying on the facts related, appellant takes a slightly different tact and argues that Prade and Rabb are necessary parties because Texas Tank can not obtain the complete relief sought by its suit in the absence of Prade and Rabb as parties. Appellant's brief states that: (1) General Tank is in-

solvent; (2) The relief sought is payment of $5,925.50 for tanks Texas Tank consigned to General Tank, plus $5,000.00 in exemplary damages because Prade, Rabb and General Tank converted funds held in trust for payment to Texas Tank; (3) A judgment against involvent General Tank will not be paid; (4) A judgment against Prade and Rabb will or might be paid; (5) Full relief is attainable only in a single suit wherein General Tank, Prade and Rabb are parties. Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284 (Tex. Comm. of App.1939); Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758 (1956); American Seed Co. v. Wilson, 140 S.W.2d 269 (Tex.Civ.App.1940, no writ); Johnson v. Walker, 372 S.W.2d 738 (Tex. Civ.App.1963, dism'd, w. o. j.); and Clingingsmith v. Bond, 150 Tex. 419, 241 S.W.2d 616 (Sup.Ct.1951) are proffered as authorities supporting venue of the action against Prade and Rabb in Dallas County.

This court is of the opinion that the cases cited by Texas Tank, and numerous other cases, hold that the complete relief Texas Tank is entitled to is an adjudication of all issues that the pleading and proof may make in its suit alleging a breach by General Tank of the terms of the consignment contract and the damage General Tank may have inflicted upon it by reason of converting consigned tanks or trust funds.

With regard to the conversion action, it is assumed without being decided that a conversion is sufficiently plead and proved. Prade and Rabb are not necessary parties to that action because conversion is tortious in nature. It is settled law that joint tort feasors are not necessary parties to an action against one of the several tort feasors. 1 Texas Civil Practice (McDonald), Secs. 3.25 and 4.36.

The order of the trial court is reversed and rendered as it applies to General Tank & Equipment Co., and is affirmed as to Prade and Rabb.